## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS – FORT WORTH DIVISION

| | | |
|---|---|---|
| **STEVE BIGGERS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **Civil Action No.** |
| | § | _____ |
| **RON MASSINGILL,** | § | |
| *Defendant.* | § | **JURY DEMANDED** |

### ORIGINAL COMPLAINT AND
### APPLICATION FOR PRELIMINARY INJUNCTIVE RELIEF
#### (WITH INCORPORATED MEMORANDUM)

COMES NOW, Plaintiff Steve Biggers, to complain of Hood County Judge Ron Massingill, in his personal capacity, for his actions to deprive Plaintiff of rights protected under the First Amendment of the United States Constitution, including his right to exercise Free Speech and Right to Petition his county government, and equal protection regarding such exercise.

SUMMARIZING, Plaintiff has spoken at the Hood County Commissioners Court from time to time since 2022. His speech has drawn the personal ire of Defendant Massingill, who has illegally abused his position and, under color of law, illegally forced Plaintiff to leave public meetings which the public were invited to attend, based on the content of Plaintiff's speech, which at worst can be characterized as mildly critical of individuals.

Defendant's actions constitute an ultra vires as-applied infringement of Plaintiff's right to free speech and right to petition, as guaranteed by the First Amendment in a limited public forum, which also protects him from retaliation for the exercise of his constitutionally protected rights.

Plaintiff seeks damages under 42 U.S. § 1983 and an injunction against Defendant's misapplication of the court's meeting rules, in which Defendant allows those he agrees with to speak freely, but denies critics a voice, and even has them removed from public meetings.

## I.      JURISDICTION

1.      This Court has jurisdiction over this action, as Plaintiff presents a federal question, seeking redress for deprivations of rights protected under the federal Constitution, 42 U.S.C. §§ 1983 *et seq.*, and 28 U.S.C. §§ 1331 and 1343(a)(3), (4).

2.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) to hear Plaintiff's claims under the Texas Open Meetings Act in that these claims form part of the same case or controversy as the federal claims.

3.      Plaintiff's claims for declaratory and injunctive relief are brought pursuant to 28 U.S.C. §§ 2201-2202, by Rules 57 and 65, and the general legal and equitable powers of this court.

## II.      VENUE

4.      Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(b) because events giving rise to Plaintiff's claims occurred in Hood County which lies in the Northern District.

## III.      PARTIES

5.      Plaintiff Steve Biggers is a resident of Granbury, Texas, and may be contacted at the address of his legal counsel, the undersigned.

6.      Defendant Judge Ron Massingill is a resident of Granbury, Texas and may be served at his home, 6202 Black Diamond Ct., Granbury, TX 76048-4111, or his work, 100 E. Pearl, Granbury, TX 76048, or wherever he may be found.

## IV.      FACTUAL BACKGROUND

7.      On February 9, 2021, the commissioners court voted on its public comment rule, which governed its meetings discussed herein (Exhibit 1A, "Public Comment Rule"). The Public Comment Rule specifically allows public comment on agenda items at every meeting, and non-agenda items on the first regularly scheduled meeting of the Commissioners' Court of each month.

8.      The rule used language similar to verbiage approved in *Ryan v. Grapevine—Colleyville Indep. Sch. Dist.*, No. 4:21-cv-1075-P, 2023 U.S. Dist. LEXIS 41478, at *7 (N.D. Tex. 2023):

> **F.**      It is not the intention of the Hood County Commissioners' Court to provide a public forum for the demeaning of any individual or group.  Neither is it the intention of the Court to allow a member (or members) of the public to insult the honesty and/or integrity of the Court, as a body, or any member or members of the Court, individually or collectively.  Accordingly, profane, insulting or threatening language directed toward the Court and/or any person in the Court's presence and/or racial, ethnic, or gender slurs or epithets will not be tolerated. **These Rules do not prohibit public criticism of the Commissioners' Court, including criticism of any act, omission, policy, procedure, program, or service.**

Exhibit 1A (admissible as a public document).[1]

9.      On March 8, 2022, the first meeting of the Commissioners Court in March, Plaintiff spoke and gave each commissioner copies of the U.S. and Texas Constitutions.

10.     Plaintiff spoke again on March 22, about an agenda item relating to septic tanks. After Plaintiff concluded his remarks and sat down, Defendant began bantering with Plaintiff. Plaintiff eventually asked the court to take a vote, and Defendant told Plaintiff that he "came close to being out of order," and that, "You can't tell us when to vote. We will vote at the proper time."

11.     On April 26, of 2022, Plaintiff referred to former Commissioner Ron Cotton by name while speaking about a specific agenda item. Defendant interrupted Plaintiff, accused him of attacking Cotton, and then directed Sheriff Deeds to escort Plaintiff out of the meeting, refusing to allow Plaintiff to finish his remarks within his remaining time. During that same meeting, another speaker criticized Commissioner Eagle, alleging a violent attack; Defendant allowed the critical speech.

---

[1] Image taken from the "Rules of Procedure Conduct and Decorum at Meetings of the Hood County Commissioners Court" attached as Exhibit 1A and found here https://www.co.hood.tx.us/DocumentCenter/View/14424/20230106-Rules-of-Procedure-Conduct-and-Decorum-at-Meetings-of-the-Hood-County-Commissioners-Court-original-text-unsigned (last assessed April 13, 2023).

12.     Defendant's pattern of hostility continued during the October 25 meeting, in which he singled out Plaintiff from the audience in order to criticize him for the way he ran the Hood County Republican Party meetings, despite no agenda items pertaining to that issue.

13.     Defendant was recorded with others on a "hot mic" in the minutes preceding the opening of the November 8, 2022, meeting of the Commissioners Court (the "November Recording"). Defendant's comments include statements demeaning Plaintiff, his church, and included Defendant bragging about throwing Plaintiff out of the court.

14.     On December 13, 2022, the first regular meeting of the month, Plaintiff was entitled to speak to the court on the subject of his choice for five minutes. As he began to give testimony regarding the November Recording of Defendant's comments, he was abruptly interrupted by Defendant and threatened with removal again. Plaintiff was not allowed to continue his remarks, nor play the November Recording as Defendant spoke about Plaintiff and other county residents.

15.     On January 10, 2023, the first regular meeting of the Commissioners Court of the month, Plaintiff tried to speak once more during the open public comment section to address the November Recording. Within seconds, Defendant commanded Sheriff Deeds to remove Plaintiff from the meeting without cause; Plaintiff was unable to finish his remarks within the meeting rules.

16.     Defendant's enforcement actions do not appear to be supported by the Public Comment Rule, as Plaintiff did not demean any individual or group, or use profane, insulting, or threatening language, or any sort of racial, ethnic, or gender slurs or epithets. Specifically, Plaintiff's comments did offer public criticism of Defendant's actions, which appear to be specifically allowed by the Public Comment Rule.

17.     Plaintiff's speech has been chilled, and he reasonably fears that he will be held in contempt and jailed; his freedom of speech and right to petition has been infringed by Defendant.

### V.        PROPOSITIONS OF LAW FOR PLAINTIFF'S § 1983 CLAIMS

**A.    Federal Statute and Case Law**

18.    42 U.S.C. § 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of "any rights, privileges, or immunities secured by the Constitution and laws."

19.    "The right to petition is cut from the same cloth as the other guarantees of that Amendment, and is an assurance of a particular freedom of expression." In *United States v. Cruikshank*, 92 U.S. 542 (1876), the Court declared that this right is implicit in "[the] very idea of government, republican in form." *Id.*, at 552.

20.    "James Madison made clear in the congressional debate on the proposed amendment that people 'may communicate their will' through direct petitions to the legislature and government officials." 1 Annals of Cong. 738 (1789). *McDonald v. Smith*, 472 U.S. 479, 482, (1985).

21.    "In places which by long tradition or by government fiat have been devoted to assembly and debate, the rights of the State to limit expressive activity are sharply circumscribed." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45, (1983). However, the state may impose reasonable time, place, and manner restrictions, however they must be "content-neutral, [and] narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication." *Id.*

22.    "In a public forum, by definition, all parties have a constitutional right of access, and the State must demonstrate compelling reasons for restricting access to a single class of speakers, a single viewpoint, or a single subject." *Id.*

23.    "Viewpoint discrimination is thus an egregious form of content discrimination. The government must abstain from regulating speech when the specific motivating ideology or the

opinion or perspective of the speaker is the rationale for the restriction." *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 829, (1995).

24.     The First Amendment to the United States Constitution guarantees the right of United States citizens to petition their government for redress, which includes the right to do so without the government retaliating against the petitioner. *See McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334 (1995); *Rolf v. City of San Antonio*, 77 F.3d 823, 827 n. 18 (5th Cir. 1996).

25.     The right to petition recognizes citizens' freedom to "petition openly[,] … [b]ut the First Amendment does not impose any affirmative obligation on the government to listen [or] to respond…."[5] *Smith v. Ark. State Highway Emps. Local 1315*, 441 U.S. 463, 465 (1979).

26.     Limited public forums provide for public expression for certain groups or for the discussion of certain topics. Such forums are subject to a lower standard of review than traditional and designated public forums. *Ryan v. Grapevine—Colleyville Indep. Sch. Dist.*, No. 4:21-cv-1075-P, 2023 U.S. Dist. LEXIS 41478, at *7 (N.D. Tex. 2023) (citing *Good News Club v. Milford Cent. Sch.*, 121 S. Ct. 2093 (2001).

**B.     State Law and Additional Considerations**

27.     Article 1, section 8 of the Texas Constitution states: FREEDOM OF SPEECH AND PRESS; LIBEL. Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press.

28.     Article 1, section 27 of the Texas Constitution states: "RIGHT OF ASSEMBLY; PETITION FOR REDRESS OF GRIEVANCES. The citizens shall have the right, in a peaceable manner, to assemble together for their common good; and apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address or remonstrance."

29.     The Texas Government Code requires that "[a] governmental body shall allow each member of the public who desires to address the body regarding an item on an agenda for an open meeting of the body to address the body regarding the item at the meeting before or during the body's consideration of the item." Tex. Gov't Code § 551.007. It further clarifies "a governmental body may not prohibit public criticism of the governmental body, including criticism of any act, omission, policy, procedure, program, or service." *Id.* The Government Code does not state that a citizen may only criticize the body as a whole or allow prior restraint of criticism of individuals.

30.     The requirements of Article I, § 27 of the Texas Constitution are satisfied when a government body provides an open forum at board meetings during which speakers have had an opportunity to present their grievances. *Corpus Christi Indep. Sch. Dist. v. Padilla*, 709 S.W.2d 700, 707 (Tex. App.—Corpus Christi 1986, no writ).

**C.     Legal Requirements for Injunctive Relief**

31.     Claims for injunctive relief may be brought pursuant to 28 U.S.C. §§ 2201-2202, Federal Rules of Civil Procedure 57 and 65, 42 U.S.C. § 1983, and the Court's equitable powers.

32.     The purpose of a TRO is to preserve the status quo, which is "the last, actual, peaceable, non-contested status which preceded the pending controversy." *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004) (cleaned up). A TRO restrains only during the pendency of a motion for temporary injunction. *Del Valle ISD v. Lopez*, 845 S.W.2d 808 (Tex. 1992).

33.     Orders granting injunctions and restraining orders must: (a) state the reasons for their issue; (b) state their terms specifically; and (c) describe in reasonable detail without reference to other documents, the acts restrained or required. Rule 65(d). TROs issued <u>without notice</u> must a) state the date and hour of issue; b) describe the injury and state why it is irreparable; c) state why the order was issued without notice; and d) be promptly filed and entered in the record. Rule 65(b)(2).

## VI.  CAUSES OF ACTION

**A.  Defendant violated Plaintiff's rights protected by the First Amendment, enforced through the 14th Amendment and 42 U.S.C. § 1983.**

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. CONST. amend. 1.

34.    Plaintiff's free expression, in the form of speech to the Commissioners Court, constitutes protected speech under the Free Speech Clause of the First Amendment to the United States Constitution. Defendant misused his authority as county judge to act as no county judge may legally act, preventing Plaintiff from exercising his free speech and right to petition his government for redress of grievances. Defendant employed prior restraint to command Plaintiff's silence, as well as retaliating for the attempt to speak by actually having Plaintiff removed from the meeting.

35.    Defendant has gone beyond the Public Comment Rule, implementing viewpoint-based restrictions in this limited public forum in an unconstitutional manner, as even a limited public forum must be content-neutral, narrowly tailored to serve a significant government interest, be the least restrictive means available, and leave open ample alternative channels of communication. Defendant cannot pretend that his behavior was content-neutral, narrowly tailored, or the least restrictive means available.

36.    Plaintiff followed the time, place, and manner restrictions that the Commissioners Court had adopted. He signed up to speak, stood at the time he was called, and was prepared to follow the time allotment set forth. Even while following the regulations, Plaintiff had his right to speak and address the body circumscribed.

37.     Defendant developed hostility toward Plaintiff, singled him out for discrimination and violated his free speech rights and rights to petition based on his viewpoint; and, in retaliation for attempting to express that viewpoint, Defendant then prohibited Plaintiff from exercising his free speech and petition by retaliatory measures, violating the U.S. Constitution.

38.     Defendant cannot excuse his behavior by leaning on the Public Comment Rule; as alleged above, Plaintiff did not violate the court's rules of decorum when he was seeking to address the Commissioners Court regarding matters of public concern. He did not use profane, threatening, or insulting language or make any slurs, or use any kind of epithet or vulgarity.

39.     Plaintiff should have been allowed to publicly criticize the Commissioners Court, including the actions of Defendant, so long as he followed basic rules of civility in his speech.

40.     As Defendant applied his speech prohibitions to Plaintiff, Defendant violated the First Amendment right of petition because retaliatory and unequal treatment of disfavored speakers cannot be considered reasonable regulations that advance the court's purposes and are an overbroad means to suppress disfavored petitions. By enforcing these rules as he has, Defendant, under color of state law, deprived Plaintiff of the right to petition - violating the First and Fourteenth Amendments - by both adopting an unconstitutional policy of unequal treatment comprising prior restraint of Plaintiff's speech, particularly as Defendant enforced his rules as a bludgeon against Plaintiff, and retaliating against Plaintiff for attempting to expose Defendant's statements made in the November Recording.

41.     Defendant's policy of refusing to allow Plaintiff to speak freely at appropriate times, when others are not required to speak only to agenda items, cannot be justified under a rational basis analysis or compelling state interest.

42.     Unless restrained from doing so, Defendant will continue to violate Plaintiff's constitutional right to speak at commissioner meetings, as he has indicated a personal animus and bragged about his actions in the November Recording.

43.     Defendant's conduct has chilled the exercise of First Amendment rights of would-be public participants in Hood County, is patently discriminatory and illegal, and prevents important matters of concern to the public from being openly discussed before the Board.

44.     Plaintiff has no adequate remedy at law because the damages and injuries that he has suffered, are suffering, and will suffer are not capable of definite and complete ascertainment.

45.     Unless this court grants the relief prayed for, Plaintiff will continue to suffer serious and irreparable damage to his constitutional rights.

46.     Lastly, as detailed in the fact section, Defendant acted out of spite to punish the Plaintiff for his temerity but allowed others to veer from agenda items and make critical remarks. This unequal treatment merits liability under the "class of one" doctrine as described in *Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074-75 (2000).

## VII.     APPLICATION FOR INJUNCTIVE RELIEF

**A.     Plaintiff is being harmed with no adequate remedy at law.**

47.     Plaintiff requests an immediate temporary restraining order ("TRO"), then a preliminary injunction hearing, and permanent injunction following trial, to prevent Defendant from enforcing arbitrary rules at government meetings that constitute prior restraint on speech by Defendant in his efforts to stop Plaintiff from playing the November Recording. Plaintiff should be able to offer this during open public comment time without fear of expulsion or contempt.

48.     As Plaintiff has pleaded and testified as to the elements described above, and shown that the comparative injury or balance of equities to the parties and the public interest, support granting a TRO; Plaintiff asks the Court to preserve the status quo by enjoining Defendant as follows:

   a.  Defendant must cease his unfair enforcement regarding Plaintiff under the Public Comment Rule with regard to the November Recording and prohibition of free speech regarding criticism of individuals; and

   b.  Defendant must cease retaliatory measures for ending Plaintiff's remarks short of the maximum length of time given to all other speakers when Plaintiff without articulating some objective offense of the Public Comment Rule.

**B.     Immediate injunctive relief is required to stop irreparable injury.**

49.     There is no adequate remedy at law that will give Plaintiff adequate relief because Defendant's actions are illegal, and Plaintiff continues to suffer harm under Defendant's regime, including prior restraint and removal from public meetings for fear of unlawful arrest.

50.     Plaintiff's total damages cannot be measured with certainty, and it is neither equitable, nor conscionable to allow Defendant to violate Plaintiff's rights just to stifle critical views. The loss of constitutional freedoms for, "even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976).

51.     Defendant can also show no harm in granting the relief requested. Defendant violated rights protected by the U.S. and Texas Constitutions. Enjoining unconstitutional acts can cause no harm.

52.     A proposed temporary restraining order is attached as Exhibit 2.

**C.     Plaintiff Requests a 14-day TRO and Preliminary Injunction.**

53.     Plaintiff requests that a temporary restraining order last for fourteen days from the date of issue and then following a hearing on the matter, a preliminary injunction be issued by this Court until this matter is fully concluded.

54.     Because Plaintiff seeks a TRO, he generally would be required to post a bond. However, as Defendant will suffer no financial damage, Plaintiff asks that a minimal or no bond be required.

55.     Absent judicial intervention, Plaintiff faces ongoing unconstitutional restrictions on his participation in state government and has no practical ability to prevent Defendant from further penalizing Plaintiff and continuing to threaten expulsion or jail as punishment for failing to meekly accept Defendant's tyrannical rules.

56.     There is no adequate remedy at law that will give Plaintiff full relief because commissioner courts are required to hold open meetings, and if Plaintiff cannot attend those meetings and speak freely, his voice in government is diminished.

57.     The comparative injury, or balance of equities and hardships, to the parties and to the public interest, supports granting injunctive relief.

58.     Plaintiff asks the Court to preserve the status quo by requiring Defendant to cease infringing Plaintiff's rights, which has caused irreparable harm and continues to do so. Plaintiff, having no adequate remedy at law, seeks a preliminary and then permanent injunction.

59.     Plaintiff has provided the Declaration of Steve Biggers in support of the facts alleged in the case to support the requested TRO, attached as Exhibit 1, and a proposed TRO as Exhibit 2.

## VIII.     ATTORNEY'S FEES

60.     Pursuant to 18 U.S.C. § 1988(b), Plaintiff seeks an award of their reasonable attorney's fees, costs, and expenses.

## IX.     DEMAND FOR TRIAL BY JURY

61.     Plaintiff demands a jury by trial for all issues so triable.

## X.     CONDITIONS PRECEDENT

62.     Plaintiff has met all conditions precedent. Though not necessary, Plaintiff sent a demand letter which was acknowledged but unanswered.

## XI.     PRAYER

Plaintiff prays that Defendant be cited to appear and answer, and, after trial, Plaintiff be granted all relief to which he is entitled, comprising:

a.  Immediate injunctive relief in the form of a Temporary Restraining Order, then after notice and a hearing, a preliminary and permanent injunction prohibiting Defendant and his agents from enforcing a prohibition of free speech regarding criticism of individuals, prior restraint by Defendant to prevent Plaintiff from publishing the November Recording during an open comment time during the first meeting of the month of the Hood County Commissioners Court, and to cease retaliatory measures of ending Plaintiff's remarks short of the maximum length of time given to others, unless Plaintiff violates the Public Comment Rule.

b.  An award of nominal, compensatory, and punitive damages to Plaintiff from Defendant, for his actions undertaken in violation of Plaintiff's constitutionally protected rights.

c.  Reasonable and attorney's fees, costs, and expenses.

d.  All further relief to which Plaintiff may be entitled.

Respectfully submitted,

Norred Law, PLLC.
By: /s/ *Warren V. Norred*
Warren V. Norred, TBN 24045094; warren@norredlaw.com
515 East Border Str.; Arlington, TX 76010
P: 817-704-3984; F: 817-524-6686
*Attorney for Plaintiff*

Attached:
Exhibit 1 – Declaration of Steve Biggers
Exhibit 1A – Public Comment Rule
Exhibit 2 – Proposed Temporary Restraining Order

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS – FORT WORTH DIVISION

| | | |
|---|---|---|
| **STEVE BIGGERS,** | § | |
| *Plaintiff,* | § | |
| *v.* | § | **Civil Action No.** |
| | § | _____ |
| **RON MASSINGILL,** | § | |
| *Defendant.* | § | **JURY DEMANDED** |

### EXHIBIT 1 – DECLARATION OF STEVE BIGGERS

Pursuant to 28 U.S. Code § 1746, I, Steve Biggers, declare under penalty of perjury that the following statements are true and correct:

1.     I am the named Plaintiff in the above-styled case and file this declaration in support of my application for a temporary restraining order and injunction.

2.     I have helped to draft Section IV of the attached complaint, the Factual Background section, also identified as paragraphs 7-17, and attest that every statement in that section is true and correct.

3.     Attached to my declaration as Exhibit 1A is the Public Comment Rule, taken from the Hood County "Rules of Procedure Conduct and Decorum at Meetings of the Hood County Commissioners Court."

Steve Biggers

## Rules of Procedure, Conduct and Decorum at Meetings
## of the Hood County Commissioners Court

I.      All Regular, Special, Emergency and Executive Session Meetings of the Hood County Commissioners' Court will be called and conducted in accordance with the provisions of the Texas Open Meetings Act, Chapter 551, Texas Government Code.

II.     Regular, Special and Emergency Meetings of the Hood County Commissioners' Court are open to the public and to representatives of the press and media. Executive Sessions of the Commissioners Court are not open to the public, the press or the media and only those individuals expressly requested or ordered to be present are allowed to attend Executive Session.

III.    The Hood County Commissioners' Court meets in Regular Session on the second and fourth Tuesdays of each month at 9:00 a.m. In order for a matter or issue to appear as an agenda item on the Agenda of any Regular Meeting of the Commissioners' Court, a request must be filed with and approved by at least one member of the Commissioners' Court and/or the County Judge by 12:00 p.m. (noon) on the **Wednesday** immediately preceding the next Regular Meeting of the Commissioners' Court.

IV.     The business of Hood County is conducted by and between the members of the Hood County Commissioners' Court and by those members of the County staff, elected officials, department heads, consultants, experts and/or members of the public requested to be present and participate. While the public is invited to attend all meetings of the Commissioners' Court (except Executive Sessions) the public's participation therein is limited to that of observers unless a member (or members) of the public is requested to address the Commissioners' Court on a particular issue (or issues) or unless the member (or members) of the public completes a Public Participation Form and submits same to the County clerk prior to the time the agenda item (or items) is addressed by the Court. A sample of the Hood County Commissioners' Court Public Participation Form is attached hereto as Exhibit "A."

A.      Each member of the public who appears before the Commissioners' Court shall be limited to a maximum of five (5) minutes to make his/her remarks. Time for each speaker shall be maintained by the County Clerk or such other designated representative of the Commissioners' Court.

B.      Maximum discussion on any agenda item, regardless of the number of members of the public wishing to address the Commissioners' Court on such agenda item (or items), shall be limited to thirty (30) minutes. In the event that more than six (6) members of the public wish to address a particular agenda item (or items), then time allocated to members of the public recognized to speak shall be divided equally between those members of the public wishing to speak for the agenda item (or items) and those members of the public wishing to speak against the agenda item (or items).

C.      Citizen comments on matters not on the Agenda will be allowed on the **First** regularly scheduled Commissioners' Court of the month.  Speakers have an allotted time limit of five (5) minutes each, for a combined total of 30 minutes, during this time for comments regarding matters not listed on the agenda.  (See Texas Constitution, Article 1, Sec. 27).  The Commissioners' Court will be allowed to receive input or information, including input or information for proposed future agenda items, but will not be allowed to enter any discussions.

D.      In matters of exceptional interest, the Court may, by the majority vote of the members of the Court in attendance at the meeting, either shorten or lengthen the time allocated for all members of the public and/or the amount of time allocated for all agenda items and/or a specific agenda item.

E.      It is the intention of the Commissioners' Court to provide an open access to the citizens of Hood County to address the Commissioners' Court and express themselves on issues of county government.  Members of the public are reminded that the Hood County Commissioners' Court is a Constitutional Court, with both judicial and legislative powers, created under Article V, Section 1 and Section 18 of the Texas Constitution.  As a Constitutional Court, the Hood County Commissioners' Court also possesses the power to issue a Contempt of Court Citation under Section 81.024 of the Texas Local Government Code. Accordingly, members of the public in attendance at any Regular, Special and/or Emergency Meeting of the Court shall conduct themselves with proper respect and decorum in speaking to and/or addressing the Court; in participating in public discussions before the Court; and in all actions in the presence of the Court. Proper attire for men, women and children is mandatory. Those members of the public who are inappropriately attired and/or who do not conduct themselves in an orderly and appropriate manner will be ordered to leave the meeting. Refusal to abide by the Court's Order and/or continued disruption of the meeting may result in a Contempt of Court citation.

F.      It is not the intention of the Hood County Commissioners' Court to provide a public forum for the demeaning of any individual or group.  Neither is it the intention of the Court to allow a member (or members) of the public to insult the honesty and/or integrity of the Court, as a body, or any member or members of the Court, individually or collectively.  Accordingly, profane, insulting or threatening language directed toward the Court and/or any person in the Court's presence and/or racial, ethnic, or gender slurs or epithets will not be tolerated. **These Rules do not prohibit public criticism of the Commissioners' Court, including criticism of any act, omission, policy, procedure, program, or service.**

G.      Violation of these rules may result in the following sanctions:

      1.      Cancellation of a speaker's remaining time;

      2.      Removal from the Commissioners' Courtroom;

       3.     Contempt Citation; and/or

       4.     Such other civil and/or criminal sanctions as may be authorized under the Constitution, Statutes and Codes of the State of Texas.

V.     The County Judge is the presiding officer of the Hood County Commissioners' Court and is a fully participating member thereof. In the event of the absence of the County Judge, the senior member of the Commissioners' Court (in terms of total number of years as an elected representative) present at the Regular, Special, Emergency Meeting or Executive Session, shall serve as the Judge Pro-Tem of the Court. However, nothing herein shall prevent the senior member of this Commissioners' Court from delegating this duty to another member of the Commissioners' Court.

VI.     The County Judge (or the designated Judge Pro-Tem of the Commissioners' Court), as presiding officer of the Commissioners' Court, is responsible for conducting all meetings, and members of the public who have properly completed a Public Participation Form and submitted same to the County Clerk must wait to be recognized before they will be allowed to address the Court.

VII.    Special Rules for the Press and Media:

       A.     No media personnel or equipment, including lights, cameras or microphones will be located on the Commissioners' Court bench nor closer than five feet (5') in front of the Commissioners' Court bench.

       B.     Reporters and media technicians are required to structure their movements, equipment set-up and take-down and adjustments, etc. in such a manner as to not disrupt the Commissioners' Court deliberations or the ability of the public to see, hear, and participate in the proceedings.

       C.     Interviews shall not be conducted inside the Commissioners' Courtroom during the time the Court is in session.

       D.     Media interviews which are conducted outside the Commissioners' Courtroom should be conducted in such a manner that the interview does not disturb, impede or disrupt the proceedings of any Regular, Special, Emergency and/or Executive Session Meeting of the Court.

VIII.   The Sheriff of Hood County, Texas, or his designated deputy, shall serve as the Bailiff at all Regular, Special and Emergency Meetings of the Court. However, in the event of the absence of the Sheriff, or in the event that there exists a conflict of interest between the Sheriff, any member of the Sheriff's Department, and the Commissioners' Court, or in the event of an Executive Session of the Court in which the Sheriff is not an authorized participant, then in such event, the Court shall appoint such other commissioned peace officer to serve as Bailiff as may be necessary.

IX.     From time to time, the Commissioners' Court shall conduct town meetings and public hearings. These rules of procedure, conduct and decorum shall also apply to such

town meetings and public hearings; however, the Commissioners' Court may adopt such additional and supplemental rules for such meetings as may be necessary and appropriate to conduct such meetings in an orderly, efficient and proper manner.

X.       These Rules of Procedure, Conduct and Decorum at Meetings of the Hood County Commissioners' Court shall be effective immediately upon adoption by the Court and shall remain in full force and effect until amended or repealed by a majority vote of the Commissioners' Court.

**ADOPTED BY THE UNDERSIGNED COURT MEMBERS OF THE HOOD COUNTY COMMISSIONERS' COURT** on this the ___9th___ day of ___Feb___, 2021.

_____
Ron Massingill, Hood County Judge

_____
Kevin Andrews
Commissioner, Pct. 1

_____
Ron Cotton
Commissioner, Pct. 2

_____
Jack Wilson
Commissioner, Pct. 3

_____
Dave Eagle
Commissioner, Pct. 4

Attest:

_____
Katie Lang
County Clerk

# EXHIBIT "A"

## HOOD COUNTY COMMISSIONERS COURT

### Public Participation Form

Instructions: Fill out all appropriate blanks. Please print or write legibly.

NAME: _____

HOME ADDRESS: _____
_____

HOME TELEPHONE: _____

PLACE OF EMPLOYMENT: _____

EMPLOYMENT TELEPHONE: _____

Do you represent any particular group or organization? _____

If you do represent a group or organization, please state the name, address and telephone number of such group or organization.

_____

_____

Which agenda item (or items) do you wish to address? _____

_____

In general, are you for or against such agenda item (or items)?

_____

Signature: _____

NOTE: This Public Participation Form must be presented to the County Clerk prior to the time that the agenda item (or items) you wish to address are discussed before the Court.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS – FORT WORTH DIVISION

| | | |
|---|---|---|
| **STEVE BIGGERS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **Civil Action No.** |
| | § | |
| | § | _____ |
| **RON MASSINGILL,** | § | |
| *Defendant.* | § | **JURY DEMANDED** |


### EXHIBIT 2 – PROPOSED TEMPORARY RESTRAINING ORDER

**(following this cover sheet)**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS – FORT WORTH DIVISION**

| | | |
|---|---|---|
| **STEVE BIGGERS,** | § | |
| *Plaintiff,* | § | |
| *v.* | § | **Civil Action No.** |
| | § | _____ |
| **RON MASSINGILL,** | § | |
| *Defendant.* | § | **JURY DEMANDED** |

## TEMPORARY RESTRAINING ORDER

Came before the Court on this day at _____p.m., Plaintiff's application for a temporary restraining order, which was filed with his Original Complaint on April 14, 2023.

The Court FINDS good cause to grant the requested order, based on Defendant's pattern of injuring Plaintiff by infringing his free speech impermissibly in a limited public forum.

Based on the allegations, the Court FINDS good cause to issue this ORDER without notice, as the infringement of constitutionally protected rights always causes irreparable damage, and Defendant will suffer no cost in obeying this order.

The Court ORDERS that Defendant refrain from limiting the exercise of free speech at Hood County Commissioners' Court meetings during their public comment section of their Commissioners' Courts meetings, by either prohibiting specific content or reducing speakers' time to speak based primarily on that content.

The Court will hear the Plaintiff's request for a temporary injunction on _____.


_____
THE HONORABLE JUDGE PRESIDING


Biggers v. Massingill –Temporary Restraining Order