UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**STEVE BIGGERS,**

  Plaintiff,

v.                                                No. 4:23-cv-00359-P

**RON MASSINGILL,**

  Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Ron Massingill's Motion to Dismiss ("Motion"). ECF No. 48. Having reviewed the Motion, applicable law, and related docket filings the Court will **DENY** the Motion.

## BACKGROUND

This case arises out of Biggers's series of appearances in the Hood County Commissioners' Court. Based on a public comment rule enacted in 2021, the Hood County Commissioners' Court allows public comment on agenda items at every meeting as well as items not on the agenda at the first scheduled meeting of each month.

Biggers first made an appearance in the Hood County Commissioners' Court on March 8, 2022, where he provided each commissioner a copy of the United States and Texas Constitutions. From March to November, Biggers attended several other hearings. According to the Amended Complaint, Massingill developed a "pattern of hostility" toward Biggers in those meetings. Allegedly, Massingill bantered and interrupted Biggers, singled Biggers out from the audience and criticized him, and even escorted Biggers out of one meeting. Then, in a December 13, 2022 meeting, Biggers took the podium to discuss and play a recorded conversation in which Massingill allegedly gloated about removing Biggers from prior meetings among other things. According to Biggers, Massingill spoke over Biggers and

threatened to have him removed. Biggers returned in January and attempted to play the recording again but was removed by the deputy on Massingill's orders. Biggers alleges that Massingill's actions deprived him of rights protected by the United States Constitution including his rights to free speech and equal protection.

The Motion contends that Massingill is entitled to absolute legislative and judicial immunity against all claims. Alternatively, the Motion argues that Biggers failed to adequately plead claims under the Equal Protection Clause and the Texas Constitution. The Court will address both arguments in turn.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint contains facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

When reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the Court is not bound to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79. To avoid dismissal, pleadings must show specific, well-pleaded facts rather than conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. A court ruling on a motion to dismiss "may rely on the complaint, its

proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted).

## ARGUMENT

Massingill argues that each of Biggers's claims is barred by legislative and judicial immunity. Massingill also argues that Biggers failed to adequately plead claims under the Equal Protection Clause and the Texas Constitution.

### A. Legislative Immunity & Judicial Immunity

Massingill is not shielded by legislative or judicial immunity. The Supreme Court has held that "state and regional legislators are entitled to absolute immunity from liability under § 1983 for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). That immunity "attaches to all actions taken 'in the sphere of legitimate legislative activity.'" *Id.* at 54 (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)). And "[w]hether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Id.* Similarly, a judge is immune from suit for "acts committed within their judicial jurisdiction." *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976) (citation omitted).

Actions that are functionally legislative are protected by legislative immunity. *See Hughes v. Tarrant Cnty., Tex.*, 948 F.2d 918, 920 (5th Cir. 1991) (citation omitted). For example, in *Bogan*, a mayor prepared a budget proposal, and as a part of the package, called for the elimination of a city department. *Bogan*, 523 U.S. at 47. The city council ordinance committee approved the ordinance, eliminating the plaintiff's administrative position, and the plaintiff filed a lawsuit arguing that the actions by the mayor and city council were retaliatory and therefore violated the First Amendment. *Id.* The Supreme Court found the act of voting for an ordinance was "quintessentially legislative," and therefore the vice president of the city council was protected by legislative immunity. *Bogan*, 523 U.S. at 55. And even though the mayor was an executive official, the "introduction of a budget and signing into law an

3

Case 4:23-cv-00359-P Document 56 Filed 06/03/25 Page 4 of 6 PageID 419

ordinance . . . were formally legislative." *Id.* Likewise, in *Empower Texans, Inc. v. Geren*, the court found that a Texas House of Representatives Committee Chairman could deny media credentials to a news organization in a legislative session and be protected by legislative immunity. 388 F. Supp. 3d 738, 747 (W.D. Tex. 2019), *rev'd on other grounds*, 977 F.3d 367 (5th Cir. 2020). The *Geren* court reasoned that controlling access to the House floor allowed the House to "conduct[] its most characteristic legislative functions, *e.g.*, debating and voting." *Id.* at 746 (citation omitted)

A Texas commissioners' court judge wears many hats. Massingill carries the title of a "judge." But he also operates as "county *administrator* handling 'county business.'" *Diaz v. Cantu*, 123 F.4th 736, 746 (5th Cir. 2024) (citing Tex. Const. art. V, §§ 1, 18(b)) (emphasis added). And "the county judge *principally* serves as the chief executive of a Texas county." *Id.* (citations omitted).

Massingill's actions were not legislative. In contrast to *Bogan*, where introducing a budget and passing an ordinance were "quintessentially legislative," Biggers alleges that Massingill presided over a public comment hearing in which he deprived Biggers of his constitutional rights. Massingill's function in presiding over public hearings falls within his role as the administrator of county business. *Diaz*, 123 F.4th at 746. For this same reason, Massingill is unlike the Texas House of Representatives Committee Chairman in *Geren* who denied media credentials during a "legislative session." The public meetings were not being used to debate and vote like the House was doing in *Geren*. And although the Court agrees that the Hood County Commissioners' Court public comment period shares some commonalities with public comment portions permitted during a committee hearing in legislative bodies, it is not "in the sphere of legitimate legislative activity." *Bogan*, 523 U.S. at 54 (quotations and citations omitted). This is confirmed by the fact that the Amended Complaint does not allege Biggers's rights were violated amid any voting or other legislative action.[1]

---

[1] *See* ECF No. 1 ¶¶ 13–14 (describing Biggers's attempts to speak during the "open public comment" period).

4

Massingill's alleged actions are not protected by judicial immunity either. As Massingill acknowledges,[2] and is made clear by the Amended Complaint,[3] Massingill did not hold Biggers in "contempt," which is typically a judicial function. And while Massingill carried the title of "judge," and presided over a "court," the public comment hearings do not represent a case or a controversy being decided by the judiciary, and therefore Massingill made no decision within his "judicial jurisdiction." *See Imbler*, 424 U.S. at 418 (citations omitted). Accordingly, Massingill is not protected by legislative or judicial immunity.

## B. Failure to Plead Equal Protection and Texas Constitution Claims

Nonetheless, Biggers failed to adequately plead claims under the Texas Constitution and Equal Protection Clause. Biggers's Amended Complaint is the live pleading in this case. ECF No. 13. The sole cause of action listed in the Amended Complaint is a "violation of First Amendment." *Id.* at 5. There is no cause of action for a violation of the Equal Protection Clause or any section of the Texas Constitution. The *only* time Plaintiff mentions either is on the first page of the Amended Complaint. *Id.* at 1 ("[Massingill] deprive[d] Biggers of rights protected under the First Amendment of the United States Constitution, including his right to exercise Free Speech and Right to Petition his county government, *and equal protection* regarding such exercise.") (emphasis added). And "[w]ithout any mention . . . in the Causes of Action or Prayer for Relief sections of the Complaint," Plaintiff has not adequately pleaded a claim under the Equal Protection Clause or the Texas Constitution. *Mathis v. Sw. Corr., LLC*, No. 5:20CV146-RWS-CMC, 2021 WL 5088276 at *3 (E.D. Tex. June 15, 2021), *report and recommendation adopted*, No. 5:20CV146-RWS-CMC, 2021 WL 4129123 (E.D. Tex. Sept. 10, 2021).

Given the Court's uncertainty of Plaintiff's intent to plead claims under the Equal Protection Clause and Texas Constitution, the Court

---

[2] ECF No. 54 at 7.

[3] *See* ECF No. 13 ¶ 16 (the only time the Amended Complaint mentions contempt is stating that Biggers "reasonably fear[ed]" he might be held in contempt.).

will grant Plaintiff leave to file a second amended complaint with a more detailed inclusion of such claims. And as a result, the Court will deny Massingill's arguments regarding Biggers's equal protection and Texas Constitutional claims as moot.

## CONCLUSION

For the reasons above, the Court **DENIES** the Motion with respect to legislative and judicial immunity. The Court also **GRANTS** Plaintiff leave to file a second amended complaint **on or before June 13, 2025**, should Plaintiff want to plead claim under the Equal Protection Clause and Texas Constitution. Given this order, the Court **DENIES** the Motion with respect to failure to plead claims under the Equal Protection Clause and Texas Constitution as **MOOT**. All other relief requested, including attorney's fees, is **DENIED**.

**SO ORDERED** on this **3rd day of June 2025.**

*[Signature: Mark T. Pittman]*

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE