# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **STEVE BIGGERS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-CV-0359-P** |
| | § | |
| **RON MASSINGILL,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## JOINT PROPOSED JURY INSTRUCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Parties in the above-numbered and – referenced action and, if the Court determines that this cause should be tried, would respectfully submit unto the Court the following Joint Proposed Second Supplemental Jury Instructions:

## DEFENDANT'S CASE-SPECIFIC INSTRUCTIONS AND JURY QUESTIONS

### INSTRUCTIONS PRIOR TO VOIR DIRE:[1]

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone, or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror. Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website

---

[1] 5th Cir. Pattern Jury Instruction (Civil Cases) 1.1, revised 2020.

such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, [claims] [charges], evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.  Some of the people you encounter may have some connection to the case.  If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court.  If you do any research, investigation, or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination.  It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case.  Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process.  If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice.  It is very important that you abide by these rules.  Failure to follow these instructions could result in the case having to be retried.

### PRELIMINARY INSTRUCTIONS TO JURY[2]

You have now been sworn as the jury to try this case.  As the judge, I will decide all questions of law and procedure.  As the jury, you are the judges of the facts.  At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

Alternate 1: Pay close attention to the testimony and evidence. You will not be allowed to take notes.

Alternate 2: You may take notes during the trial.  Do not allow your note-taking to distract you from listening to the testimony.  Your notes are an aid to your memory.  If your memory should later be different from your notes, you should rely on your memory.  Do not be unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.[3]

---

[2] 5th Cir. Pattern Jury Instruction (Civil Cases) 1.2, revised 2020.
[3] 3 The Parties defer to the Court as to whether to allow the Jury to take notes.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide, and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present his case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present his case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

It is now time for the opening statements.

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.[4]

If I have given you the impression during the trial that I favor any party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.[5]

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.[6]

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence, they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard, and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.[7]

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendants in arriving at your verdict.[8]

Plaintiff Steve Biggers has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely than not so. If you find that Plaintiff Steve Biggers has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.[9]

---

[4] 5th Cir. Pattern Jury Instruction (Civil Cases) 3.1, revised 2020.
[5] 5th Cir. Pattern Jury Instruction (Civil Cases) 3.1, revised 2020.
[6] 5th Cir. Pattern Jury Instruction (Civil Cases) 3.1, revised 2020.
[7] 5th Cir. Pattern Jury Instruction (Civil Cases) 3.1, revised 2020.
[8] 5th Cir. Pattern Jury Instruction (Civil Cases) 3.1, revised 2020.
[9] 5th Cir. Pattern Jury Instruction (Civil Cases) 3.2, revised 2020.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.[10]

Do not let bias, prejudice, or sympathy play any part in your deliberations. A government official, a private citizen speaker, and all other persons are equal before the law and must be treated as equals in a court of justice.[11]

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.[12]

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[13]

A "stipulation" is something that the attorneys agree is accurate. When there is no dispute about certain testimony, the attorneys may agree or "stipulate" to that testimony. [14] A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.[15] Stipulated testimony must be considered in the same way as if that testimony had been received here in court.[16]

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.[17]

---

[10] 5th Cir. Pattern Jury Instruction (Civil Cases) 3.6, revised 2020.
[11] 5th Cir. Pattern Jury Instruction (Civil Cases) 2.16, revised 2020 (as revised by Defendant Judge Massingill).
[12] 5th Cir. Pattern Jury Instruction (Civil Cases) 3.3, revised 2020.
[13] 5th Cir. Pattern Jury Instruction (Civil Cases) 3.3, revised 2020.
[14] 5th Cir. Pattern Jury Instruction (Civil Cases) 2.2, revised 2020.
[15] 5th Cir. Pattern Jury Instruction (Civil Cases) 2.3, revised 2020.
[16] 5th Cir. Pattern Jury Instruction (Civil Cases) 2.2, revised 2020.
[17] 5th Cir. Pattern Jury Instruction (Civil Cases) 3.4, revised 2020.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.[18]

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.[19]

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.[20]

Exhibit NUMBER is an illustration. It is a party's [description/picture/model] used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.[21]

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.[22]

NAME OF WITNESS was available to both sides. Plaintiff/Defendant [NAME] cannot complain that NAME OF WITNESS was not called to testify, because either Plaintiff or Defendant [NAME] could have called NAME OF WITNESS.[23]

Evidence that an act was done at one time or on one occasion is not any evidence or proof whatsoever that the act was done in this case.[24]

Then how may you consider evidence of similar acts?[25]

You may consider evidence of similar acts for the limited purpose of showing a person's motive, opportunity, intent, knowledge, plan, identity, or absence of mistake or accident, which is at issue in this case.[26]

---

[18] 5th Cir. Pattern Jury Instruction (Civil Cases) 3.4, revised 2020.
[19] 5th Cir. Pattern Jury Instruction (Civil Cases) 3.4, revised 2020.
[20] 5th Cir. Pattern Jury Instruction (Civil Cases) 3.5, revised 2020.
[21] 5th Cir. Pattern Jury Instruction (Civil Cases) 2.8, revised 2020.
[22] 5th Cir. Pattern Jury Instruction (Civil Cases) 2.6, revised 2020.
[23] 5th Cir. Pattern Jury Instruction (Civil Cases) 2.9, revised 2020.
[24] 5th Cir. Pattern Jury Instruction (Civil Cases) 2.10, revised 2020.
[25] 5th Cir. Pattern Jury Instruction (Civil Cases) 2.10, revised 2020.
[26] 5th Cir. Pattern Jury Instruction (Civil Cases) 2.10, revised 2020.

Such evidence may not be considered for any other purpose whatsoever. You may not use the evidence to consider or reflect Judge Massingill's character.[27]

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.[28]

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[29]

In weighing the credibility of a witness, you may consider the fact that he or she has previously been convicted of a felony. Such a conviction does not necessarily destroy the witness's credibility, but it is one of the circumstances you may take into account in determining the weight to give to his or her testimony.[30]

A typewritten transcript of an oral conversation, which can be heard on a recording received in evidence [as Exhibit __] was shown to you. The transcript also purports to identify the speakers engaged in such conversation.[31]

I have admitted the transcript [as Exhibit __] for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the recording, and also to aid you in identifying the speakers.[32]

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine, based on your evaluation of the testimony you have heard about the preparation of the transcript and on your own examination of the transcript in relation to your hearing of the recording itself as the primary evidence of its own contents. If you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.[33]

The First Amendment generally restricts government regulation of private speech.[34] However, government officials may restrict speech in limited public forums – such as a meeting of the Hood County Commissioners Court – if (1) that restriction is not discrimination on the basis

---

[27] 5th Cir. Pattern Jury Instruction (Civil Cases) 2.10, revised 2020.
[28] 5th Cir. Pattern Jury Instruction (Civil Cases) 2.11, revised 2020.
[29] 5th Cir. Pattern Jury Instruction (Civil Cases) 2.11, revised 2020.
[30] 5th Cir. Pattern Jury Instruction (Civil Cases) 2.12, revised 2020.
[31] 5th Cir. Pattern Jury Instruction (Civil Cases) 2.14, revised 2020.
[32] 5th Cir. Pattern Jury Instruction (Civil Cases) 2.14, revised 2020.
[33] 5th Cir. Pattern Jury Instruction (Civil Cases) 2.14, revised 2020.
[34] *Pleasant Grove City, Utah v. Summum,* 555 U.S. 460, 467, 129 S. Ct. 1125, 1131, 172 L. Ed. 2d 853 (2009); *see also Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 346 (5th Cir. 2001).

of viewpoint and (2) the restriction was reasonable in light of the purpose of the limited public forum.[35]

The parties have stipulated that public meetings of the Hood County Commissioner's Court are a limited public forum.[36] In a limited public forum, content discrimination may be permissible, but viewpoint discrimination is never permissible.[37]

---

**_Plaintiff's Proposed Instruction:_**

Viewpoint Discrimination occurs when the government targets particular views taken by speakers, and when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction. **"[T]he public expression of ideas may not be prohibited merely because the ideas are themselves offensive to some of their hearers."[38]**

---

**<mark>Defendant's Objection to Plaintiff's Instruction:</mark>**

**Defendant objects to the instruction that includes a direct quote from the case law, which reads, "[T]he public expression of ideas may not be prohibited merely because the ideas are themselves offensive to some of their hearers," as it is an incomplete idea that will not aid the Jury. Whether speech is offensive does not determine whether it is content discrimination or viewpoint discrimination. _Rosenberger v. Rector & Visitors of Univ. of Virginia_, 515 U.S. 819, 829–30, 115 S. Ct. 2510, 2517, 132 L. Ed. 2d 700 (1995). Because the purpose of providing an instruction for viewpoint discrimination would be to distinguish it from content discrimination, such an instruction would mislead the jury and confuse the issue.**

**Defendant further objects that Plaintiff failed to timely comply with the Court's Scheduling Order [#52] with respect to the drafting of the jury charge and this instruction constitutes an unfair surprise on Defendant. The Scheduling Order contains a requirement that Plaintiff's counsel must deliver a copy of his proposed jury instructions to Defendant's counsel on January 26, 2026. Defendant was ordered to deliver his objections and proposed revisions within two days of receiving Plaintiff's proposed jury instruction. The Court's Scheduling Order additionally required a face-to-face meeting for the Parties to discuss the jury instruction on January 30, 2026, so that they may attempt to resolve differences without the Court's intervention and identify areas of disagreement that cannot be resolved. The Court ordered that the Parties set aside "enough time for a meaningful discussion of all areas of disagreement and attempt to accomplish an agreement. Each attorney must cooperate fully in all matters related to such a meeting." The Court granted an extension of the face-to-face jury charge meeting to February 3, 2026, under Order [#92], as well as an extension for the date to submit the parties' final joint proposed jury instruction to February 5, 2026, pursuant to Order**

---

[35] _Id._
[36] Pl.'s Resp., ¶ 38.
[37] _Rosenberger v. Rector & Visitors of Univ. of Virginia_, 515 U.S. 819, 829–30, 115 S. Ct. 2510, 2517, 132 L. Ed. 2d 700 (1995).
**[38] _Id._**

[#98]. *No other extensions were granted*. **Plaintiff did not deliver a proposed jury instruction until after normal business hours on February 2, 2026 – the day before the scheduled face-to-face jury charge meeting – in violation of the Court's Scheduling Order [#52]. Because Plaintiff did not timely send a proposed jury instruction on January 26, 2026, Defendant prepared a proposed jury instruction. Defendant sent Plaintiff his own proposed jury instruction later that evening. The face-to-face jury charge conference was scheduled for 12:30 p.m. on February 3, 2026. Counsel for Plaintiff emailed a request that the jury charge conference be further postponed until 1:00 p.m. on February 3, 2026. Counsel for Defendant emailed back that 1:00 p.m. would not be possible, as there was significant discussion that needed to take place regarding the differing instructions. However, Defendant's counsel compromised by agreeing to meet at 12:45 p.m. at the United States Courthouse in Fort Worth – only forty-five minutes before the Court-ordered Settlement Conference was scheduled for 1:30 P.M. on that same date. Plaintiff's counsel arrived at the meeting between 12:45 p.m. and 1:00 p.m. At that time, counsel for Plaintiff stated that the parties could submit Defendant's proposed jury instruction, as it was a more accurate recitation of federal law, with only some minor modifications. The conference lasted between five and ten minutes, with counsel for Defendant agreeing to the few revisions that counsel for Plaintiff suggested. Within hours of the conclusion of the Settlement Conference on that same date, counsel for Defendant again emailed the revised and previously agreed-to jury instruction to Plaintiff. This version of the jury instruction contained the agreed revisions discussed in the jury charge conference. Counsel for Defendant followed up with counsel for Plaintiff multiple times the following day on February 4, 2026, through phone and email, to obtain final approval for submission. At 3:51 a.m. on February 5, 2026 – the submission date ordered by the Court to file the Joint Proposed Jury Instruction – counsel for Plaintiff emailed counsel for Defendant a new proposed jury instruction with a number of substantive changes *that Plaintiff had not formerly brought up in any manner or on any date*. Plaintiff's counsel also lodged objections to integral parts of the jury instruction to which he had agreed at the face-to-face meeting. In addition to the other objections stated, Defendant objects that Plaintiff's foregoing proposed instruction is untimely under the Court's Scheduling Order [#52] and constitutes an unfair surprise upon Defendant. *See, e.g., Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed.2d 451 (1947) (held that an unfair surprise arose when the parties were unable to "obtain the fullest possible knowledge of the issues and facts before trial").**

**Moreover, Defendant objects on the grounds that Plaintiff has not provided any case law or a "list of authorities" in support of his proposed language in compliance with the Court's Scheduling Order [#52].**

***Plaintiff's Reply:*** Contrary to Defendant's statement above, "Defendant was ordered to deliver his objections and proposed revisions within two days of receiving Plaintiff's proposed jury instruction," that sentence is nowhere in the referenced scheduling order (#52). The deadline was extended, and the exchange of information reasonable, following the Defendant's Unopposed Motion to Extend Parties' Jury Charge Conference Deadline (#90).

During the face-to-face, counsel said that he'd have to look at some of these a little more closely. This will be the reply to all of the repeated responses by Defendant throughout.

***Defendant's Proposed Instruction:***

    Viewpoint Discrimination occurs when the government targets particular views taken by speakers, and when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction. **Viewpoint Discrimination is not discrimination based on subject matter.** [39]

To prevail on his claim against **the Honorable** Ron Massingill, Plaintiff Steve Biggers must prove by a preponderance of the evidence that: [40]

**Plaintiff's Objection:**

**Use of "Judge" [or the Honorable"] here is inappropriate, confusing, and designed to bias the jury.  We're not referring to Steve Biggers as "Citizen Steve Biggers" or "Republican Chair of Hood County Steve Biggers".**

**Defendant's Response to Plaintiff's Objection to Defendant's Instruction:**

**Judge Massingill was acting at all times during the events giving rise to this litigation in his capacity as the County Judge, presiding over meetings of the Hood County Commissioner's Court.  Judge Massingill is being sued in his individual capacity for actions he took as the County Judge.  "Whether the defendant acted 'under color of law' is obviously an essential element of First Amendment retaliation."  5th Cir. Pattern Jury Instruction (Civil Cases) 10.6 (2020).  Because Plaintiff can only sue Judge Massingill if he was acting under color of law in his capacity as the County Judge, it is therefore proper to refer to him at all times as Judge Massingill.**

**Defendant objects that Plaintiff failed to timely comply with the Court's Scheduling Order [#52] with respect to the drafting of the jury charge and this instruction constitutes an unfair surprise on Defendant.  The Scheduling Order contains a requirement that Plaintiff's counsel must deliver a copy of his proposed jury**

---

[39] *Id.*

[40] *Good News Club,* 533 U.S. at 106, 121 S. Ct. 2093; *see also Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 46, 103 S. Ct. 948, 74 L.Ed.2d 794 (1983); *see also Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 758 (5th Cir. 2010).

instructions to Defendant's counsel on January 26, 2026. Defendant was ordered to deliver his objections and proposed revisions within two days of receiving Plaintiff's proposed jury instruction. The Court's Scheduling Order additionally required a face-to-face meeting for the Parties to discuss the jury instruction on January 30, 2026, so that they may attempt to resolve differences without the Court's intervention and identify areas of disagreement that cannot be resolved. The Court ordered that the Parties set aside "enough time for a meaningful discussion of all areas of disagreement and attempt to accomplish an agreement. Each attorney must cooperate fully in all matters related to such a meeting." The Court granted an extension of the face-to-face jury charge meeting to February 3, 2026, under Order [#92], as well as an extension for the date to submit the parties' final joint proposed jury instruction to February 5, 2026, pursuant to Order [#98]. *No other extensions were granted.* Plaintiff did not deliver a proposed jury instruction until after normal business hours on February 2, 2026 – the day before the scheduled face-to-face jury charge meeting – in violation of the Court's Scheduling Order [#52]. Because Plaintiff did not timely send a proposed jury instruction on January 26, 2026, Defendant prepared a proposed jury instruction. Defendant sent Plaintiff his own proposed jury instruction later that evening. The face-to-face jury charge conference was scheduled for 12:30 p.m. on February 3, 2026. Counsel for Plaintiff emailed a request that the jury charge conference be further postponed until 1:00 p.m. on February 3, 2026. Counsel for Defendant emailed back that 1:00 p.m. would not be possible, as there was significant discussion that needed to take place regarding the differing instructions. However, Defendant's counsel compromised by agreeing to meet at 12:45 p.m. at the United States Courthouse in Fort Worth – only forty-five minutes before the Court-ordered Settlement Conference was scheduled for 1:30 P.M. on that same date. Plaintiff's counsel arrived at the meeting between 12:45 p.m. and 1:00 p.m. At that time, counsel for Plaintiff stated that the parties could submit Defendant's proposed jury instruction, as it was a more accurate recitation of federal law, with only some minor modifications. The conference lasted between five and ten minutes, with counsel for Defendant agreeing to the few revisions that counsel for Plaintiff suggested. Within hours of the conclusion of the Settlement Conference on that same date, counsel for Defendant again emailed the revised and previously agreed-to jury instruction to Plaintiff. This version of the jury instruction contained the agreed revisions discussed in the jury charge conference. Counsel for Defendant followed up with counsel for Plaintiff multiple times the following day on February 4, 2026, through phone and email, to obtain final approval for submission. At 3:51 a.m. on February 5, 2026 – the submission date ordered by the Court to file the Joint Proposed Jury Instruction – counsel for Plaintiff emailed counsel for Defendant a new proposed jury instruction with a number of substantive changes *that Plaintiff had not formerly brought up in any manner or on any date.* Plaintiff's counsel also lodged objections to integral parts of the jury instruction to which he had agreed at the face-to-face meeting. In addition to the other objections stated, Defendant objects that Plaintiff's foregoing proposed instruction is untimely under the Court's Scheduling Order [#52] and constitutes an unfair surprise upon Defendant. *See, e.g., Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed.2d 451 (1947) (held that an unfair surprise arose when the parties were unable to "obtain the fullest possible knowledge of the issues and facts before trial").

Moreover, Defendant objects on the grounds that Plaintiff has not provided any case law or a "list of authorities" in support of his objection in compliance with the Court's Scheduling Order [#52].

---

*Defendant's Proposed Instruction:*

     1. Judge Ron Massingill excluded[41] Steve Biggers's speech and that exclusion was discrimination on the basis of viewpoint; or

     2. Judge Ron Massingill excluded Steve Biggers's speech and that exclusion was not reasonable in light of the purpose served by meetings of the Hood County Commissioner's Court.

**Plaintiff's Objection to Defendant's Instruction:**

That Massingill excluded Biggers's speech is not in dispute, and should not have to be proved.

**Defendant's Response to Plaintiff's Objection:**

The notion that Plaintiff's speech was excluded is an essential element that Plaintiff must prove and it is not a fact to which Defendant has agreed to stipulate. See, e.g., *Rosenberger*, 515 U.S. at 829–30. Any instruction that does not include an essential element of Plaintiff's cause of action is improper.

Defendant further objects that Plaintiff failed to timely comply with the Court's Scheduling Order [#52] with respect to the drafting of the jury charge and this instruction constitutes an unfair surprise on Defendant. The Scheduling Order contains a requirement that Plaintiff's counsel must deliver a copy of his proposed jury instructions to Defendant's counsel on January 26, 2026. Defendant was ordered to deliver his objections and proposed revisions within two days of receiving Plaintiff's proposed jury instruction. The Court's Scheduling Order additionally required a face-to-face meeting for the Parties to discuss the jury instruction on January 30, 2026, so that they may attempt to resolve differences without the Court's intervention and identify areas of disagreement that cannot be resolved. The Court ordered that the Parties set aside "enough time for a meaningful discussion of all areas of disagreement and attempt to accomplish an agreement. Each attorney must cooperate fully in all matters related to such a meeting." The Court granted an extension of the face-to-face jury charge meeting to February 3, 2026, under Order [#92], as well as an extension for the date to submit the parties' final joint proposed jury instruction to February 5, 2026, pursuant to Order [#98]. *No other extensions were granted.* Plaintiff did not deliver a proposed jury

---

[41] *Rosenberger*, 515 U.S. at 829–30.

instruction until after normal business hours on **February 2, 2026** – the day before the scheduled face-to-face jury charge meeting – in violation of the Court's Scheduling Order [#52]. Because Plaintiff did not timely send a proposed jury instruction on **January 26, 2026**, Defendant prepared a proposed jury instruction. Defendant sent Plaintiff his own proposed jury instruction later that evening. The face-to-face jury charge conference was scheduled for 12:30 p.m. on **February 3, 2026**. Counsel for Plaintiff emailed a request that the jury charge conference be further postponed until 1:00 p.m. on **February 3, 2026**. Counsel for Defendant emailed back that 1:00 p.m. would not be possible, as there was significant discussion that needed to take place regarding the differing instructions. However, Defendant's counsel compromised by agreeing to meet at 12:45 p.m. at the United States Courthouse in Fort Worth – only forty-five minutes before the Court-ordered Settlement Conference was scheduled for 1:30 P.M. on that same date. Plaintiff's counsel arrived at the meeting between 12:45 p.m. and 1:00 p.m. At that time, counsel for Plaintiff stated that the parties could submit Defendant's proposed jury instruction, as it was a more accurate recitation of federal law, with only some minor modifications. The conference lasted between five and ten minutes, with counsel for Defendant agreeing to the few revisions that counsel for Plaintiff suggested. Within hours of the conclusion of the Settlement Conference on that same date, counsel for Defendant again emailed the revised and previously agreed-to jury instruction to Plaintiff. This version of the jury instruction contained the agreed revisions discussed in the jury charge conference. Counsel for Defendant followed up with counsel for Plaintiff multiple times the following day on **February 4, 2026**, through phone and email, to obtain final approval for submission. At 3:51 a.m. on **February 5, 2026** – the submission date ordered by the Court to file the Joint Proposed Jury Instruction – counsel for Plaintiff emailed counsel for Defendant a new proposed jury instruction with a number of substantive changes *that Plaintiff had not formerly brought up in any manner or on any date*. Plaintiff's counsel also lodged objections to integral parts of the jury instruction to which he had agreed at the face-to-face meeting. In addition to the other objections stated, Defendant objects that Plaintiff's foregoing proposed instruction is untimely under the Court's Scheduling Order [#52] and constitutes an unfair surprise upon Defendant. *See, e.g., Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed.2d 451 (1947) (held that an unfair surprise arose when the parties were unable to "obtain the fullest possible knowledge of the issues and facts before trial").

Moreover, Defendant objects on the grounds that Plaintiff has not provided any case law or a "list of authorities" in support of his objection in compliance with the Court's Scheduling Order [#52].

---

***Plaintiff's Proposed Instruction:***

    1.  **Massingill's exclusion of Steve Biggers's speech was discrimination on the basis of viewpoint;  or**

**2.  Ron Massingill exclusion of Biggers's speech was not reasonable in light of the purpose served by the public meetings of the Hood County Commissioner's Court.**

<mark>Defendant's Objection to Plaintiff's Instruction:</mark>

Defendant objects that these elements, as worded, assume that Judge Massingill excluded Plaintiff's speech.  That the speech was excluded is an essential element that Plaintiff must prove and it is not a fact to which Defendant has agreed to stipulate.  See, e.g., *Rosenberger*, 515 U.S. at 829–30.

Defendant further objects that Plaintiff failed to timely comply with the Court's Scheduling Order [#52] with respect to the drafting of the jury charge and this instruction constitutes an unfair surprise on Defendant.  The Scheduling Order contains a requirement that Plaintiff's counsel must deliver a copy of his proposed jury instructions to Defendant's counsel on January 26, 2026.  Defendant was ordered to deliver his objections and proposed revisions within two days of receiving Plaintiff's proposed jury instruction.  The Court's Scheduling Order additionally required a face-to-face meeting for the Parties to discuss the jury instruction on January 30, 2026, so that they may attempt to resolve differences without the Court's intervention and identify areas of disagreement that cannot be resolved.  The Court ordered that the Parties set aside "enough time for a meaningful discussion of all areas of disagreement and attempt to accomplish an agreement.  Each attorney must cooperate fully in all matters related to such a meeting."  The Court granted an extension of the face-to-face jury charge meeting to February 3, 2026, under Order [#92], as well as an extension for the date to submit the parties' final joint proposed jury instruction to February 5, 2026, pursuant to Order [#98].  *No other extensions were granted*.  Plaintiff did not deliver a proposed jury instruction until after normal business hours on February 2, 2026 – the day before the scheduled face-to-face jury charge meeting – in violation of the Court's Scheduling Order [#52].  Because Plaintiff did not timely send a proposed jury instruction on January 26, 2026, Defendant prepared a proposed jury instruction.  Defendant sent Plaintiff his own proposed jury instruction later that evening.  The face-to-face jury charge conference was scheduled for 12:30 p.m. on February 3, 2026.  Counsel for Plaintiff emailed a request that the jury charge conference be further postponed until 1:00 p.m. on February 3, 2026.  Counsel for Defendant emailed back that 1:00 p.m. would not be possible, as there was significant discussion that needed to take place regarding the differing instructions.  However, Defendant's counsel compromised by agreeing to meet at 12:45 p.m. at the United States Courthouse in Fort Worth – only forty-five minutes before the Court-ordered Settlement Conference was scheduled for 1:30 P.M. on that same date.  Plaintiff's counsel arrived at the meeting between 12:45 p.m. and 1:00 p.m.  At that time, counsel for Plaintiff stated that the parties could submit Defendant's proposed jury instruction, as it was a more accurate recitation of federal law, with only some minor modifications.  The conference lasted between five and ten minutes, with counsel for Defendant agreeing to the few revisions that counsel for Plaintiff suggested.  Within hours of the conclusion of the Settlement Conference on that same date, counsel for Defendant

again emailed the revised and previously agreed-to jury instruction to Plaintiff. This version of the jury instruction contained the agreed revisions discussed in the jury charge conference. Counsel for Defendant followed up with counsel for Plaintiff multiple times the following day on February 4, 2026, through phone and email, to obtain final approval for submission. At 3:51 a.m. on February 5, 2026 – the submission date ordered by the Court to file the Joint Proposed Jury Instruction – counsel for Plaintiff emailed counsel for Defendant a new proposed jury instruction with a number of substantive changes *that Plaintiff had not formerly brought up in any manner or on any date*. Plaintiff's counsel also lodged objections to integral parts of the jury instruction to which he had agreed at the face-to-face meeting. In addition to the other objections stated, Defendant objects that Plaintiff's foregoing proposed instruction is untimely under the Court's Scheduling Order [#52] and constitutes an unfair surprise upon Defendant. *See, e.g., Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed.2d 451 (1947) (held that an unfair surprise arose when the parties were unable to "obtain the fullest possible knowledge of the issues and facts before trial").

Moreover, Defendant objects on the grounds that Plaintiff has not provided any case law or a "list of authorities" in support of his proposed language in compliance with the Court's Scheduling Order [#52].

---

*Defendant's Proposed Instruction:*

As to each claim for which Plaintiff Steve Biggers has proved each essential element, you must consider whether Defendant Judge Ron Massingill is entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant's liability even if he violated a plaintiff's constitutional rights.

Qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officials or those who knowingly violate the law. It is Plaintiff Steve Biggers's burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable official could have believed that his actions were lawful in light of clearly established law and the information Judge Massingill possessed. But Judge Massingill is not entitled to qualified immunity if, at the time of the commissioners court meetings in question, a reasonable official with the same information could not have believed that his actions were lawful. Government officials are presumed to know the clearly established constitutional rights of individuals they encounter.

In this case, the clearly established law at the time was that in a limited public forum, the government may regulate speech in a way that serves the forum's intended function, so long as those regulations are reasonable and do not discriminate by viewpoint. The law allows subject-matter limits that are in line with the purpose of the forum. When the State opens a limited public forum, it retains discretion to ensure that the forum serves its intended purpose rather than becoming an unrestricted platform for all expression.

If, after considering the scope of discretion and responsibility generally given to county judges in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to Judge Massingill at the time of the commissioners' court meetings in question, you find that Plaintiff Steve Biggers failed to prove that no reasonable official could have believed that his actions were lawful, then Judge Massingill is entitled to qualified immunity, and your verdict must be for Judge Massingill on those claims.   But if you find that Judge Massingill violated Plaintiff Steve Biggers's constitutional rights and that Judge Massingill is not entitled to qualified immunity as to that claim, then your verdict must be for Plaintiff Steve Biggers on that claim.

**Plaintiff's Objection to Defendant's Instruction:**

As note 1 to PJC 10.3 states, qualified immunity is a job for the court, and only for the jury when a fact question remains that would prevent the determination at trial.

There are no factual disputes in this case, and the court can decide this defense.  This is all unnecessary and detracts from the evidence pattern charge.

**Defendant's Response to Plaintiff's Objection to Defendant's Instruction:**

Defendant objects on the basis that this Court has not issued a final ruling as to the issue of Qualified Immunity and there are factual disputes regarding how the parties characterize Mr. Biggers's and Judge Massingill's demeanor and decorum at the time of the events giving rise to this litigation.  This is an important dispute, because Judge Massingill was acting at all times to ensure demeanor and decorum were properly aligned with the Hood Rules of Decorum and applicable constitutional standards.  The Fifth Circuit has been explicitly clear that "if the issue [of Qualified Immunity] is not decided until trial, the defense is not waived but goes to the jury." *Snyder v. Trepagnier*, 142 F.3d 791, 799 (5th Cir. 1998); see also *McCoy v. Hernandez,* 203 F.3d 371, 376 (5th Cir. 2000); *Waganfeald v. Gusman,* 674 F.3d 475, 483-84 (5th Cir. 2012).

Defendant further objects that Plaintiff failed to timely comply with the Court's Scheduling Order [#52] with respect to the drafting of the jury charge and this instruction constitutes an unfair surprise on Defendant.  The Scheduling Order contains a requirement that Plaintiff's counsel must deliver a copy of his proposed jury instructions to Defendant's counsel on January 26, 2026.  Defendant was ordered to deliver his objections and proposed revisions within two days of receiving Plaintiff's proposed jury instruction.  The Court's Scheduling Order additionally required a face-to-face meeting for the Parties to discuss the jury instruction on January 30, 2026, so that they may attempt to resolve differences without the Court's intervention and identify areas of disagreement that cannot be resolved.  The Court ordered that the Parties set aside "enough time for a meaningful discussion of all areas of disagreement and attempt to accomplish an agreement.  Each attorney must cooperate fully in all matters related to such a meeting."  The Court granted an extension of the face-to-face jury charge meeting

to February 3, 2026, under Order [#92], as well as an extension for the date to submit the parties' final joint proposed jury instruction to February 5, 2026, pursuant to Order [#98]. *No other extensions were granted*.  Plaintiff did not deliver a proposed jury instruction until after normal business hours on February 2, 2026 – the day before the scheduled face-to-face jury charge meeting – in violation of the Court's Scheduling Order [#52].  Because Plaintiff did not timely send a proposed jury instruction on January 26, 2026, Defendant prepared a proposed jury instruction.  Defendant sent Plaintiff his own proposed jury instruction later that evening.  The face-to-face jury charge conference was scheduled for 12:30 p.m. on February 3, 2026.  Counsel for Plaintiff emailed a request that the jury charge conference be further postponed until 1:00 p.m. on February 3, 2026.  Counsel for Defendant emailed back that 1:00 p.m. would not be possible, as there was significant discussion that needed to take place regarding the differing instructions.  However, Defendant's counsel compromised by agreeing to meet at 12:45 p.m. at the United States Courthouse in Fort Worth – only forty-five minutes before the Court-ordered Settlement Conference was scheduled for 1:30 P.M. on that same date.  Plaintiff's counsel arrived at the meeting between 12:45 p.m. and 1:00 p.m.  At that time, counsel for Plaintiff stated that the parties could submit Defendant's proposed jury instruction, as it was a more accurate recitation of federal law, with only some minor modifications.  The conference lasted between five and ten minutes, with counsel for Defendant agreeing to the few revisions that counsel for Plaintiff suggested.  Within hours of the conclusion of the Settlement Conference on that same date, counsel for Defendant again emailed the revised and previously agreed-to jury instruction to Plaintiff.  This version of the jury instruction contained the agreed revisions discussed in the jury charge conference.  Counsel for Defendant followed up with counsel for Plaintiff multiple times the following day on February 4, 2026, through phone and email, to obtain final approval for submission.  At 3:51 a.m. on February 5, 2026 – the submission date ordered by the Court to file the Joint Proposed Jury Instruction – counsel for Plaintiff emailed counsel for Defendant a new proposed jury instruction with a number of substantive changes *that Plaintiff had not formerly brought up in any manner or on any date*.  Plaintiff's counsel also lodged objections to integral parts of the jury instruction to which he had agreed at the face-to-face meeting. In addition to the other objections stated, Defendant objects that Plaintiff's foregoing proposed instruction is untimely under the Court's Scheduling Order [#52] and constitutes an unfair surprise upon Defendant.  *See, e.g., Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed.2d 451 (1947) (held that an unfair surprise arose when the parties were unable to "obtain the fullest possible knowledge of the issues and facts before trial").

Moreover, Defendant objects on the grounds that Plaintiff has not provided any case law or a "list of authorities" in support of his objection in compliance with the Court's Scheduling Order [#52].

*Defendant's Proposed Instruction:*

The Plaintiff must prove by a preponderance of the evidence that the act or failure to act by the Defendant was a cause-in-fact of the damage Plaintiff suffered.  An act or a failure

to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The Plaintiff must also prove by a preponderance of the evidence that the act or failure by the Defendants was a proximate cause of the damage Plaintiff suffered. An act or omission is a proximate cause of Plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

**Plaintiff's Objection to Defendant's Instruction:**

This is not in serious dispute and should not be part of the jury charge.

**Defendant's Response to Plaintiff's Objection to Defendant's Instruction:**

Defendant objects on the basis that proving causation is an essential element to Plaintiff's case, and it is not a fact to which Defendant has agreed to stipulate. See, e.g., *Hartman v. Moore*, 547 U.S. 250, 259, 126 S. Ct. 1695, 1703, 164 L. Ed. 2d 441 (2006). Plaintiff has not even provided evidence in discovery of Plaintiff's injuries, let alone that any of Judge Massingill's actions were a cause of those injuries.

Defendant further objects that Plaintiff failed to timely comply with the Court's Scheduling Order [#52] with respect to the drafting of the jury charge and this instruction constitutes an unfair surprise on Defendant. The Scheduling Order contains a requirement that Plaintiff's counsel must deliver a copy of his proposed jury instructions to Defendant's counsel on January 26, 2026. Defendant was ordered to deliver his objections and proposed revisions within two days of receiving Plaintiff's proposed jury instruction. The Court's Scheduling Order additionally required a face-to-face meeting for the Parties to discuss the jury instruction on January 30, 2026, so that they may attempt to resolve differences without the Court's intervention and identify areas of disagreement that cannot be resolved. The Court ordered that the Parties set aside "enough time for a meaningful discussion of all areas of disagreement and attempt to accomplish an agreement. Each attorney must cooperate fully in all matters related to such a meeting." The Court granted an extension of the face-to-face jury charge meeting to February 3, 2026, under Order [#92], as well as an extension for the date to submit the parties' final joint proposed jury instruction to February 5, 2026, pursuant to Order [#98]. *No other extensions were granted*. Plaintiff did not deliver a proposed jury instruction until after normal business hours on February 2, 2026 – the day before the scheduled face-to-face jury charge meeting – in violation of the Court's Scheduling Order [#52]. Because Plaintiff did not timely send a proposed jury instruction on January 26, 2026, Defendant prepared a proposed jury instruction. Defendant sent Plaintiff his own proposed jury instruction later that evening. The face-to-face jury charge conference was scheduled for 12:30 p.m. on February 3, 2026. Counsel for Plaintiff emailed a request that the jury charge conference be further postponed until 1:00 p.m. on February 3, 2026. Counsel for Defendant emailed back that 1:00 p.m. would not be possible, as there was significant discussion that needed to take place regarding the differing instructions. However, Defendant's counsel compromised by agreeing to meet at 12:45

p.m. at the United States Courthouse in Fort Worth – only forty-five minutes before the Court-ordered Settlement Conference was scheduled for 1:30 P.M. on that same date. Plaintiff's counsel arrived at the meeting between 12:45 p.m. and 1:00 p.m. At that time, counsel for Plaintiff stated that the parties could submit Defendant's proposed jury instruction, as it was a more accurate recitation of federal law, with only some minor modifications. The conference lasted between five and ten minutes, with counsel for Defendant agreeing to the few revisions that counsel for Plaintiff suggested. Within hours of the conclusion of the Settlement Conference on that same date, counsel for Defendant again emailed the revised and previously agreed-to jury instruction to Plaintiff. This version of the jury instruction contained the agreed revisions discussed in the jury charge conference. Counsel for Defendant followed up with counsel for Plaintiff multiple times the following day on February 4, 2026, through phone and email, to obtain final approval for submission. At 3:51 a.m. on February 5, 2026 – the submission date ordered by the Court to file the Joint Proposed Jury Instruction – counsel for Plaintiff emailed counsel for Defendant a new proposed jury instruction with a number of substantive changes *that Plaintiff had not formerly brought up in any manner or on any date*. Plaintiff's counsel also lodged objections to integral parts of the jury instruction to which he had agreed at the face-to-face meeting. In addition to the other objections stated, Defendant objects that Plaintiff's foregoing proposed instruction is untimely under the Court's Scheduling Order [#52] and constitutes an unfair surprise upon Defendant. *See, e.g., Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed.2d 451 (1947) (held that an unfair surprise arose when the parties were unable to "obtain the fullest possible knowledge of the issues and facts before trial").

Moreover, Defendant objects on the grounds that Plaintiff has not provided any case law or a "list of authorities" in support of his objection in compliance with the Court's Scheduling Order [#52].

## JURY QUESTIONS

### Question No. 1

Did **Judge** Massingill exclude Steve Biggers's speech on April 26, 2022, December 13, 2022, or January 10, 2023?

Answer "Yes" or "No."    _____

If your answer to Question No. 1 was "No," do not answer any further questions.

*Defendant's Proposed Instruction:*

**Question No. 2**

Answer Question 2 only if you answered "Yes" to Question No. 1.  Otherwise, do not answer Question No. 2.

Has Plaintiff proven by a preponderance of the evidence that Judge Massingill's actions were (1) the product of viewpoint discrimination, or (2) unreasonable in light of the purpose served by meetings of the Hood County Commissioner's Court?

Answer "Yes" or "No."        _____

If your answer to Question No. 2 was "No," do not answer any further questions.

<u>Question No. 3</u>

Answer Question 3 only if you answered "Yes" to Question No. 1 and Question No. 2.  Otherwise, do not answer Question No. 3.

Has Plaintiff proven by a preponderance of the evidence that Judge Massingill is not entitled to qualified immunity?

Answer "Yes" or "No":        _____

If your answer to Question No. 3 was "No," do not answer any further questions.

**Plaintiff's Objection to Defendant's Instruction:**

Inappropriate to put the "preponderance of the evidence" language in the question, and we should break up [question 2] into the two possibilities.

This [Qualified Immunity] question is not appropriate to the jury.

**Defendant's Response to Plaintiff's Objection to Defendant's Instruction:**

Plaintiff can cite no case law that states it is inappropriate to put the burden of proof in the questions for the jury.  The burden of proof for Plaintiff's claim is by a preponderance of the evidence.  See, e.g., *Lindsey v. Mississippi Rsch. & Dev. Ctr.*, 652 F.2d 488, 492 (5th Cir. 1981).  Accordingly, it is proper to place the burden of proof in the jury questions so that the issue is clear and the jury is not confused.

Defendant objects on the basis that this Court has not issued a final ruling as to the issue of Qualified Immunity and there are factual disputes regarding how the parties characterize Mr. Biggers's and Judge Massingill's demeanor and decorum at the time of the events giving rise to this litigation.  This is an important dispute, because Judge Massingill was acting at all times to ensure demeanor and decorum were properly aligned with the Hood Rules of Decorum and applicable constitutional standards.  The Fifth Circuit has been explicitly clear that "if the issue [of Qualified Immunity] is not decided until trial, the defense is not waived but goes to the jury." *Snyder v. Trepagnier,* 142 F.3d

791, 799 (5th Cir. 1998); *see also McCoy v. Hernandez,* 203 F.3d 371, 376 (5th Cir. 2000); *Waganfeald v. Gusman,* 674 F.3d 475, 483-84 (5th Cir. 2012).

Defendant further objects that Plaintiff failed to timely comply with the Court's Scheduling Order [#52] with respect to the drafting of the jury charge and this instruction constitutes an unfair surprise on Defendant. The Scheduling Order contains a requirement that Plaintiff's counsel must deliver a copy of his proposed jury instructions to Defendant's counsel on January 26, 2026. Defendant was ordered to deliver his objections and proposed revisions within two days of receiving Plaintiff's proposed jury instruction. The Court's Scheduling Order additionally required a face-to-face meeting for the Parties to discuss the jury instruction on January 30, 2026, so that they may attempt to resolve differences without the Court's intervention and identify areas of disagreement that cannot be resolved. The Court ordered that the Parties set aside "enough time for a meaningful discussion of all areas of disagreement and attempt to accomplish an agreement. Each attorney must cooperate fully in all matters related to such a meeting." The Court granted an extension of the face-to-face jury charge meeting to February 3, 2026, under Order [#92], as well as an extension for the date to submit the parties' final joint proposed jury instruction to February 5, 2026, pursuant to Order [#98]. *No other extensions were granted*. Plaintiff did not deliver a proposed jury instruction until after normal business hours on February 2, 2026 – the day before the scheduled face-to-face jury charge meeting – in violation of the Court's Scheduling Order [#52]. Because Plaintiff did not timely send a proposed jury instruction on January 26, 2026, Defendant prepared a proposed jury instruction. Defendant sent Plaintiff his own proposed jury instruction later that evening. The face-to-face jury charge conference was scheduled for 12:30 p.m. on February 3, 2026. Counsel for Plaintiff emailed a request that the jury charge conference be further postponed until 1:00 p.m. on February 3, 2026. Counsel for Defendant emailed back that 1:00 p.m. would not be possible, as there was significant discussion that needed to take place regarding the differing instructions. However, Defendant's counsel compromised by agreeing to meet at 12:45 p.m. at the United States Courthouse in Fort Worth – only forty-five minutes before the Court-ordered Settlement Conference was scheduled for 1:30 P.M. on that same date. Plaintiff's counsel arrived at the meeting between 12:45 p.m. and 1:00 p.m. At that time, counsel for Plaintiff stated that the parties could submit Defendant's proposed jury instruction, as it was a more accurate recitation of federal law, with only some minor modifications. The conference lasted between five and ten minutes, with counsel for Defendant agreeing to the few revisions that counsel for Plaintiff suggested. Within hours of the conclusion of the Settlement Conference on that same date, counsel for Defendant again emailed the revised and previously agreed-to jury instruction to Plaintiff. This version of the jury instruction contained the agreed revisions discussed in the jury charge conference. Counsel for Defendant followed up with counsel for Plaintiff multiple times the following day on February 4, 2026, through phone and email, to obtain final approval for submission. At 3:51 a.m. on February 5, 2026 – the submission date ordered by the Court to file the Joint Proposed Jury Instruction – counsel for Plaintiff emailed counsel for Defendant a new proposed jury instruction with a number of substantive changes *that Plaintiff had not formerly brought up in any manner or on any date*. Plaintiff's counsel also lodged objections to integral parts of the jury instruction to which he had agreed at the

face-to-face meeting. In addition to the other objections stated, Defendant objects that Plaintiff's foregoing proposed instruction is untimely under the Court's Scheduling Order [#52] and constitutes an unfair surprise upon Defendant. *See, e.g., Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed.2d 451 (1947) (held that an unfair surprise arose when the parties were unable to "obtain the fullest possible knowledge of the issues and facts before trial").

Moreover, Defendant objects on the grounds that Plaintiff has not provided any case law or a "list of authorities" in support of his objection in compliance with the Court's Scheduling Order [#52].

---

*Plaintiff's Proposed Instruction:*

**Question No. 2**

Answer Question 2 only if you answered "Yes" to Question No. 1.  Otherwise, do not answer Question No. 2.

**Was Massingill's exclusion of Biggers's speech motivated by a desire to suppress a particular point of view?**

Answer "Yes" or "No."        _____

**Question No. 3**

Answer Question 3 only if you answered "Yes" to Question No. 1 and Question No. 2.  Otherwise, do not answer Question No. 3.

**Was Massingill's exclusion of Biggers's speech unreasonable in light of the purpose served by meetings of the Hood County Commissioner's Court?**

Answer "Yes" or "No":        _____

If your answer to Question No. 2 was "No," do not answer any further questions.

**Defendant's Objection to Plaintiff's Instruction:**

Defendant objects that these elements, as worded, assume that Judge Massingill excluded Plaintiff's speech.  That the speech was excluded is an essential element that Plaintiff must prove and it is not a fact to which Defendant has agreed to stipulate.  See, e.g., *Rosenberger*, 515 U.S. at 829–30.

Defendant further objects that Plaintiff failed to timely comply with the Court's Scheduling Order [#52] with respect to the drafting of the jury charge and this instruction constitutes an unfair surprise on Defendant. The Scheduling Order contains a requirement that Plaintiff's counsel must deliver a copy of his proposed jury instructions to Defendant's counsel on January 26, 2026. Defendant was ordered to deliver his objections and proposed revisions within two days of receiving Plaintiff's proposed jury instruction. The Court's Scheduling Order additionally required a face-to-face meeting for the Parties to discuss the jury instruction on January 30, 2026, so that they may attempt to resolve differences without the Court's intervention and identify areas of disagreement that cannot be resolved. The Court ordered that the Parties set aside "enough time for a meaningful discussion of all areas of disagreement and attempt to accomplish an agreement. Each attorney must cooperate fully in all matters related to such a meeting." The Court granted an extension of the face-to-face jury charge meeting to February 3, 2026, under Order [#92], as well as an extension for the date to submit the parties' final joint proposed jury instruction to February 5, 2026, pursuant to Order [#98]. *No other extensions were granted*. Plaintiff did not deliver a proposed jury instruction until after normal business hours on February 2, 2026 – the day before the scheduled face-to-face jury charge meeting – in violation of the Court's Scheduling Order [#52]. Because Plaintiff did not timely send a proposed jury instruction on January 26, 2026, Defendant prepared a proposed jury instruction. Defendant sent Plaintiff his own proposed jury instruction later that evening. The face-to-face jury charge conference was scheduled for 12:30 p.m. on February 3, 2026. Counsel for Plaintiff emailed a request that the jury charge conference be further postponed until 1:00 p.m. on February 3, 2026. Counsel for Defendant emailed back that 1:00 p.m. would not be possible, as there was significant discussion that needed to take place regarding the differing instructions. However, Defendant's counsel compromised by agreeing to meet at 12:45 p.m. at the United States Courthouse in Fort Worth – only forty-five minutes before the Court-ordered Settlement Conference was scheduled for 1:30 P.M. on that same date. Plaintiff's counsel arrived at the meeting between 12:45 p.m. and 1:00 p.m. At that time, counsel for Plaintiff stated that the parties could submit Defendant's proposed jury instruction, as it was a more accurate recitation of federal law, with only some minor modifications. The conference lasted between five and ten minutes, with counsel for Defendant agreeing to the few revisions that counsel for Plaintiff suggested. Within hours of the conclusion of the Settlement Conference on that same date, counsel for Defendant again emailed the revised and previously agreed-to jury instruction to Plaintiff. This version of the jury instruction contained the agreed revisions discussed in the jury charge conference. Counsel for Defendant followed up with counsel for Plaintiff multiple times the following day on February 4, 2026, through phone and email, to obtain final approval for submission. At 3:51 a.m. on February 5, 2026 – the submission date ordered by the Court to file the Joint Proposed Jury Instruction – counsel for Plaintiff emailed counsel for Defendant a new proposed jury instruction with a number of substantive changes *that Plaintiff had not formerly brought up in any manner or on any date*. Plaintiff's counsel also lodged objections to integral parts of the jury instruction to which he had agreed at the face-to-face meeting. In addition to the other objections stated, Defendant objects that Plaintiff's foregoing proposed instruction is untimely under the Court's Scheduling Order [#52] and constitutes an unfair surprise upon Defendant. *See, e.g., Hickman v.*

*Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed.2d 451 (1947) (held that an unfair surprise arose when the parties were unable to "obtain the fullest possible knowledge of the issues and facts before trial").

Moreover, Defendant objects on the grounds that Plaintiff has not provided any case law or a "list of authorities" in support of his proposed language in compliance with the Court's Scheduling Order [#52].

Question No. 4

Answer Question 4 only if you answered "Yes" to Question No. 1, Question No. 2, **and Question No. 3**.  Otherwise, do not answer Question No. 4.

If Plaintiff Steve Biggers has proved his claim against Judge Massingill by a preponderance of the evidence, you must determine the damages to which Plaintiff Steve Biggers is entitled.  You should not interpret the fact that I am giving instructions about Plaintiff Steve Biggers's damages as an indication in any way that I believe that Plaintiff Steve Biggers should, or should not, win this case.  It is your task first to decide whether Judge Massingill is liable.  I am instructing you on damages only so that you will have guidance in the event you decide that Judge Massingill is liable, and that Plaintiff Steve Biggers is entitled to recover money from Judge Massingill.[42]

*Defendant's Proposed Instruction:*

If you find that Judge Massingill is liable to Plaintiff Steve Biggers, **you may consider an award of nominal damages.  Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of his rights has occurred but the plaintiff has suffered no actual loss or injury. [43]**

**If you find from a preponderance of the evidence that Plaintiff Steve Biggers sustained a technical violation of his First Amendment rights but that Plaintiff Steve Biggers suffered no actual loss as a result of this violation, then you may award Plaintiff Steve Biggers nominal damages. [44]**

**What sum of money should be assessed against Steve Biggers as nominal damages of at least $1.00?**

*Plaintiff's Proposed Instruction:*

If you find that Defendant Ron Massingill is liable to Plaintiff Steve Biggers, **then you must determine an amount that is fair compensation for all of Plaintiff Steve Biggers's damages. The damages can be compensatory damages, or nominal damages.**

---

[42] 5th Cir. Pattern Jury Instruction (Civil Cases) 15.1 (2020).
[43] 5th Cir. Pattern Jury Instruction (Civil Cases) 15.6 (2020).
[44] 5th Cir. Pattern Jury Instruction (Civil Cases) 15.6 (2020).

The purpose of compensatory damages is to make Plaintiff [name] whole—that is, to compensate Plaintiff [name] for the damage that [he/she/it] has suffered. Compensatory damages are not limited to expenses that Plaintiff [name] may have incurred because of [his/her] injury. If Plaintiff Biggers wins, he is entitled to compensatory damages that he has suffered because of Defendant Ron Massingill's wrongful conduct.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff [name] prove the amount of [his/her] losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of his rights has occurred but the plaintiff has suffered no actual loss or injury.

If you find from a preponderance of the evidence that Plaintiff Steve Biggers sustained a technical violation of his First Amendment rights but that Plaintiff Steve Biggers suffered no actual loss as a result of this violation, then you may award Plaintiff Steve Biggers nominal damages of a small amount, such as $1.00.

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Steve Biggers for the damages, if any, you have found Defendant Ron Massingill caused Plaintiff Steve Biggers?

**Defendant's Objection to Plaintiff's Instruction:**

Defendant objects to *any* instruction on compensatory damages. Plaintiff did not provide any evidence of compensatory damages in discovery, therefore, any evidence Plaintiff may now submit would constitute an unfair surprise on Defendant. *See, e.g., Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed.2d 451 (1947) (held that an unfair surprise arose when the parties were unable to "obtain the fullest possible knowledge of the issues and facts before trial"). Nominal damages are appropriate where there has been a deprivation of constitutional rights without actual injury. *Carey v. Piphus*, 435 U.S. 247, 263, 98 S. Ct. 1042, 1052, 55 L. Ed. 2d 252 (1978). The Court has been clear that mental and emotional distress caused by a violation of constitutional rights is compensable under § 1983, but neither the likelihood of such injury nor the difficulty of proving it is so great as to justify awarding compensatory damages without proof that such injury was actually caused. *Id.*

Defendant further objects that Plaintiff failed to timely comply with the Court's Scheduling Order [#52] with respect to the drafting of the jury charge and this instruction constitutes an unfair surprise on Defendant. The Scheduling Order contains a requirement that Plaintiff's counsel must deliver a copy of his proposed jury instructions to Defendant's counsel on January 26, 2026. Defendant was ordered to deliver his objections and proposed revisions within two days of receiving Plaintiff's proposed jury instruction. The Court's Scheduling Order additionally required a face-to-face meeting for the Parties to discuss the jury instruction on January 30, 2026, so that

they may attempt to resolve differences without the Court's intervention and identify areas of disagreement that cannot be resolved. The Court ordered that the Parties set aside "enough time for a meaningful discussion of all areas of disagreement and attempt to accomplish an agreement. Each attorney must cooperate fully in all matters related to such a meeting." The Court granted an extension of the face-to-face jury charge meeting to February 3, 2026, under Order [#92], as well as an extension for the date to submit the parties' final joint proposed jury instruction to February 5, 2026, pursuant to Order [#98]. *No other extensions were granted*. Plaintiff did not deliver a proposed jury instruction until after normal business hours on February 2, 2026 – the day before the scheduled face-to-face jury charge meeting – in violation of the Court's Scheduling Order [#52]. Because Plaintiff did not timely send a proposed jury instruction on January 26, 2026, Defendant prepared a proposed jury instruction. Defendant sent Plaintiff his own proposed jury instruction later that evening. The face-to-face jury charge conference was scheduled for 12:30 p.m. on February 3, 2026. Counsel for Plaintiff emailed a request that the jury charge conference be further postponed until 1:00 p.m. on February 3, 2026. Counsel for Defendant emailed back that 1:00 p.m. would not be possible, as there was significant discussion that needed to take place regarding the differing instructions. However, Defendant's counsel compromised by agreeing to meet at 12:45 p.m. at the United States Courthouse in Fort Worth – only forty-five minutes before the Court-ordered Settlement Conference was scheduled for 1:30 P.M. on that same date. Plaintiff's counsel arrived at the meeting between 12:45 p.m. and 1:00 p.m. At that time, counsel for Plaintiff stated that the parties could submit Defendant's proposed jury instruction, as it was a more accurate recitation of federal law, with only some minor modifications. The conference lasted between five and ten minutes, with counsel for Defendant agreeing to the few revisions that counsel for Plaintiff suggested. Within hours of the conclusion of the Settlement Conference on that same date, counsel for Defendant again emailed the revised and previously agreed-to jury instruction to Plaintiff. This version of the jury instruction contained the agreed revisions discussed in the jury charge conference. Counsel for Defendant followed up with counsel for Plaintiff multiple times the following day on February 4, 2026, through phone and email, to obtain final approval for submission. At 3:51 a.m. on February 5, 2026 – the submission date ordered by the Court to file the Joint Proposed Jury Instruction – counsel for Plaintiff emailed counsel for Defendant a new proposed jury instruction with a number of substantive changes *that Plaintiff had not formerly brought up in any manner or on any date*. Plaintiff's counsel also lodged objections to integral parts of the jury instruction to which he had agreed at the face-to-face meeting. In addition to the other objections stated, Defendant objects that Plaintiff's foregoing proposed instruction is untimely under the Court's Scheduling Order [#52] and constitutes an unfair surprise upon Defendant. *See, e.g., Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed.2d 451 (1947) (held that an unfair surprise arose when the parties were unable to "obtain the fullest possible knowledge of the issues and facts before trial").

Moreover, Defendant objects on the grounds that Plaintiff has not provided any case law or a "list of authorities" in support of his objection in compliance with the Court's Scheduling Order [#52].

***Plaintiff's Reply:*** Defendant argues that "Plaintiff did not provide any evidence of compensatory damages in discovery," as though he failed to provide such when obligated, and allowing the jury to award such damages would constitute surprise. However, Defendant cannot point to any failure to answer any discovery request that would invalidate presentation of testimonial evidence during trial. Additionally, Plaintiff has pleaded for compensatory damages in his complaint and throughout the suit.

## Question No. 5

***Defendant's Proposed Instruction:***

Answer Question No. 5 only if you answered "Yes" to Question No. 1, Question No. 2, Question No. 3, and Question No. 4. Otherwise, do not answer Question No. 5.

***Plaintiff's Proposed Instruction:***

Answer Question 5 only if you answered Question 4 with an amount exceeding $1.

**Defendant's Objection to Plaintiff's Instruction:**

Plaintiff does not get to the question of punitive damages unless the jury finds every question up to this point to be true, including liability and an award of nominal damages. See, e.g., *Basista v. Weir*, 340 F.2d 74, 87 (3d Cir. 1965). Therefore, the jury must be instructed that they need to answer yes to every prior question in order to assess any punitive damages.

Defendant further objects that Plaintiff failed to timely comply with the Court's Scheduling Order [#52] with respect to the drafting of the jury charge and this instruction constitutes an unfair surprise on Defendant. The Scheduling Order contains a requirement that Plaintiff's counsel must deliver a copy of his proposed jury instructions to Defendant's counsel on January 26, 2026. Defendant was ordered to deliver his objections and proposed revisions within two days of receiving Plaintiff's proposed jury instruction. The Court's Scheduling Order additionally required a face-to-face meeting for the Parties to discuss the jury instruction on January 30, 2026, so that they may attempt to resolve differences without the Court's intervention and identify areas of disagreement that cannot be resolved. The Court ordered that the Parties set aside "enough time for a meaningful discussion of all areas of disagreement and attempt to accomplish an agreement. Each attorney must cooperate fully in all matters related to such a meeting." The Court granted an extension of the face-to-face jury charge meeting to February 3, 2026, under Order [#92], as well as an extension for the date to submit the parties' final joint proposed jury instruction to February 5, 2026, pursuant to Order [#98]. ***No other extensions were granted***. Plaintiff did not deliver a proposed jury instruction until after normal business hours on February 2, 2026 – the day before the scheduled face-to-face jury charge meeting – in violation of the Court's Scheduling Order

**[#52].  Because Plaintiff did not timely send a proposed jury instruction on January 26, 2026, Defendant prepared a proposed jury instruction.  Defendant sent Plaintiff his own proposed jury instruction later that evening.  The face-to-face jury charge conference was scheduled for 12:30 p.m. on February 3, 2026.  Counsel for Plaintiff emailed a request that the jury charge conference be further postponed until 1:00 p.m. on February 3, 2026.  Counsel for Defendant emailed back that 1:00 p.m. would not be possible, as there was significant discussion that needed to take place regarding the differing instructions.  However, Defendant's counsel compromised by agreeing to meet at 12:45 p.m. at the United States Courthouse in Fort Worth – only forty-five minutes before the Court-ordered Settlement Conference was scheduled for 1:30 P.M. on that same date.  Plaintiff's counsel arrived at the meeting between 12:45 p.m. and 1:00 p.m.  At that time, counsel for Plaintiff stated that the parties could submit Defendant's proposed jury instruction, as it was a more accurate recitation of federal law, with only some minor modifications.  The conference lasted between five and ten minutes, with counsel for Defendant agreeing to the few revisions that counsel for Plaintiff suggested.  Within hours of the conclusion of the Settlement Conference on that same date, counsel for Defendant again emailed the revised and previously agreed-to jury instruction to Plaintiff.  This version of the jury instruction contained the agreed revisions discussed in the jury charge conference.  Counsel for Defendant followed up with counsel for Plaintiff multiple times the following day on February 4, 2026, through phone and email, to obtain final approval for submission.  At 3:51 a.m. on February 5, 2026 – the submission date ordered by the Court to file the Joint Proposed Jury Instruction – counsel for Plaintiff emailed counsel for Defendant a new proposed jury instruction with a number of substantive changes _that Plaintiff had not formerly brought up in any manner or on any date_.  Plaintiff's counsel also lodged objections to integral parts of the jury instruction to which he had agreed at the face-to-face meeting. In addition to the other objections stated, Defendant objects that Plaintiff's foregoing proposed instruction is untimely under the Court's Scheduling Order [#52] and constitutes an unfair surprise upon Defendant.  _See, e.g., Hickman v. Taylor_, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed.2d 451 (1947) (held that an unfair surprise arose when the parties were unable to "obtain the fullest possible knowledge of the issues and facts before trial").**

**Moreover, Defendant objects on the grounds that Plaintiff has not provided any case law or a "list of authorities" in support of his proposed language in compliance with the Court's Scheduling Order [#52].**

If you find Judge Massingill liable for Plaintiff Steve Biggers's injuries, you must award him nominal damages.  You may, in addition, award punitive damages if you find Steve Biggers acted with malice or with reckless indifference to the rights of others.  One acts with malice when one purposefully or knowingly violates another's rights or safety.  One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another.  Plaintiff Steve Biggers has the burden of proving that punitive damages should be awarded by clear and convincing evidence.[45]

---

[45] 5th Cir. Pattern Jury Instruction (Civil Cases) 15.7 (2020).

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward another party. It should be presumed that Plaintiff Steve Biggers has been made whole by nominal damages, so punitive damages should be awarded only if Judge Massingill's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.[46]

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

1.  the reprehensibility of Judge Massingill's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether Judge Massingill's conduct was motivated by a desire to augment profit;

2.  the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened;

3.  the possible criminal and civil sanctions for comparable conduct[47]

You may consider the financial resources of Judge Massingill in fixing the amount of punitive damages.

Do you find that Defendant Ron Massingill acted with malice or reckless indifference to Plaintiff Steve Biggers's constitutionally protected rights?

Answer "Yes" or "No":          _____

If your answer to Question No. 5 was "No," do not answer Question No. 6.

## Question No. 6

Answer Question 6 only if you answered "Yes" to Question No. 5.

What sum of money, if any, should be assessed against Judge Massingill as punitive damages?[48]

Answer in dollars and cents[49]:

---

[46] *Id.*
[47] *Id.*
[48] 5th Cir. Pattern Jury Instruction (Civil Cases) 11.14 (2020) (adapted).
[49] 5th Cir. Pattern Jury Instruction (Civil Cases) 11.14 (2020) (adapted).

Punitive Damages
$_____

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.[50]

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.[51]

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.[52]

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.[53]

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, you must never disclose to anyone, not even to me, your numerical division on any question.[54]

You may now proceed to the jury room to begin your deliberations.[55]

## **VERDICT FORM**

Signed and dated at the United States Courthouse in Fort Worth, Texas, on this the _____ day of _____, 2026.

---

[50] 5th Cir. Pattern Jury Instruction (Civil Cases) 3.7, revised 2016.
[51] 5th Cir. Pattern Jury Instruction (Civil Cases) 3.7, revised 2016.
[52] 5th Cir. Pattern Jury Instruction (Civil Cases) 3.7, revised 2016.
[53] 5th Cir. Pattern Jury Instruction (Civil Cases) 3.7, revised 2016.
[54] 5th Cir. Pattern Jury Instruction (Civil Cases) 3.7, revised 2016.
[55] 5th Cir. Pattern Jury Instruction (Civil Cases) 3.7, revised 2016.

Approved as to form and substance:

Attorney for Plaintiff:

/s/Warren V. Norred                              Date: Feb. 5, 2026
**Warren V. Norred**

Attorney for Defendant:

/s/David Iglesias                                  Date: February 5, 2026
**David Iglesias**